[No. 887.]

STATE OF NEVADA, RESPONDENT, *v.* THE CALIFORNIA MINING COMPANY ET AL., APPELLANTS.

SUIT FOR DELINQUENT TAXES AND PENALTIES—SAME CAUSE OF ACTION—WHEN MAY BE SEVERED.—The complaint in this action shows that an action was commenced by the state to recover the delinquent taxes and penalties due on the proceeds of defendant's mine, and thereafter, while said suit was pending and undetermined, the plaintiff, at the instance and by the consent of the defendant, in open court withdrew from the consideration of the court the question of plaintiff's right to recover the penalties in addition to said tax, without prejudice to plaintiff's right to bring an action for said penalties; that thereafter plaintiff brought this suit to recover said penalties: *Held,* upon a demurrer to said complaint, that this action might, although a part of the same cause of action, under the special facts alleged, be maintained for the penalties.

IDEM—WITHDRAWAL OF PENALTIES NOT A DISMISSAL OF THE ACTION.—*Held,* that the complaint in this action does not show that the former action was dismissed, and that the demurrer upon the ground that there is another action pending for the same cause of action is well taken.

IDEM—PERCENTAGE OF DISTRICT ATTORNEY.—*Held,* that the district attorney is entitled to five per cent. on the tax and penalty.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*C. J. Hillyer,* for Appellant.

I. The complaint shows that another action is pending between the same parties for the same cause of action. The demurrer was therefore properly sustained. (Pr. Act, sec. 40; Rev. Act, sec. 36; *Barnett* v. *Kilbourne,* 3 Cal. 327; *Ewing* v. *McNairy,* 20 Ohio St. 318.

II. An entire cause of action cannot be made the subject of separate suits. (2 Smith's Leading Cases, 774; *Simes* v. *Zane,* 12 Harris, 242; *Logan* v. *Caffrey,* 30 Pa. 197.)

III. The cause of action for the tax and penalties was an entirety. A cause of action is entire when the demands immediately arise out of one and the same act or contract. The distinction, as well as the general rule as to when an action is entire, is illustrated in the following cases: *Bendernagle* v. *Cocks,* 19 Wend. 207; *Secor* v. *Sturgis,* 16 N. Y.

548; *Trask* v. *N. H. R. R.* 2 Allen, 331; *Goodrich* v. *Yale,* 8 Allen, 454; *Cunningham* v. *Harris,* 5 Cal. 81; *Wetmore* v. *San Francisco,* 44 Id. 294; *Simes* v. *Zane,* 12 Harris, 242; *Farrington* v. *Payne,* 15 Johns. 430–2; *Craycroft* v. *Cockran,* 16 Iowa, 302; *Corbett* v. *Evans,* 1 Casey, 310; *Ewing* v. *McNary et al.* 20 Ohio St. 318; *Gould* v. *Evansville,* 1 Otto, 532–3. The liability of defendants, both for tax and penalties, springs from one single act, to wit: the non-payment of the tax. The penalties are mere incidents of the tax.

IV. The tax suit authorized by the statute is a civil action, and not a special proceeding; the pleadings are to be tested by the same rules. The effect of judgments in such suits is the same as in ordinary civil actions. (Revenue Act, sec. 36; 2 Comp. L., p. 196; *Mayo* v. *Ah Loy,* 32 Cal. 477; *Eitel* v. *Foote,* 39 Id. 439; *Conley* v. *Chedic,* 7 Nev. 336; *State* v. *C. P. R. R. Co.,* 9 Id. 88; 4 Id. 350; 3 Id. 174; 1 Id. 394.)

V. The complaint shows that an action is still pending as well for these penalties as for the tax. It is the first suit that bars or abates the second, and not the second which bar or abates the first. (*Saunders* v. *Winship,* 5 Pick. 275; *Agnew* v. *McElroy,* 10 S. & M. 552; *Barnum* v. *Reynolds,* 38 Cal. 645; *Aurora City* v. *West,* 7 Wall. 102.)

VI. The averments of the complaint show nothing more than a permission to plaintiff to dismiss as to a portion of his complaint. Such a dismissal is as much a bar to the future litigation as a judgment directly upon its merits. (*Logan* v. *Caffrey,* 30 Pa. 197; Practice Act, sec. 151; *Borrowscale* v. *Tuttle,* 5 Allen, 377; *Foot* v. *Gibbs,* 1 Gray, 412.)

*F. V. Drake, District Attorney of Storey County,* for Respondent.

I. The complaint states a good cause of action; it does not show upon its face that the matters involved in the present suit have been passed upon or determined by a court having jurisdiction. Nor does it appear that the court has exercised its judicial mind upon the subject of plaintiff's right to recover the penalties. (Freeman on Judgments, secs. 250 to 255, 257–61; Bigelow on Estoppel,

pp. 17, 18, 96, 97, 98; *Jenkins* v. *Robertson*, Law Rep. 1, H. & L.; Scotch, 117, Scotch and Divorce Appeal Cases.) A dismissal "without prejudice" is universally held to avoid a bar to a second action. (*Perine* v. *Dunn*, 4 John's Ch. 142; *Neafie* v. *Neafie*, 7 Id. 1; *Foote* v. *Gibbs*, 1 Gray, 412; *Parrish* v. *Ferris*, 2 Black, U. S. 606; *Durant* v. *Essex Co.*, 7 Wallace, 107; *Knox* v. *Waldoborough*, 5 Greenl. 185; *Hull* v. *Blake*, 13 Mass. 153; *Sweigart* v. *Frey*, 8 Serg. & Rawle, 299, 305.)

II. If the cause of action in the first suit was an entirety at the time suit was brought, still it was capable of divisibility by consent, for plaintiff might have obtained judgment for the original taxes and failed to recover the penalties. (1 Greenl. Ev. (Redfield's ed.), sec. 532; *Lawrence* v. *Hunt*, 10 Wend. 81; *Gray* v. *Dougherty*, 25 Cal. 266; *McCreary* v. *Casey*, 45 Id. 130; *Hough* v. *Waters*, 30 Id. 309; *Earll* v. *Bull*, 15 Id. 421; *Miller* v. *Manice*, 6 Hill, 114; *Burwell* v. *Knight*, 51 Barb. 267; *Rosse* v. *Rust*, 4 Johns. Ch. 300; *Van Vleit* v. *Olin*, 1 Nev. 495; *Sherman* v. *Dilley*, 3 Id. 21; *Emmons* v. *Dowe*, 2 Wis. (Ville's B. Notes), 259; *Etheridge* v. *Osborn*, 12 Wend. 399; *Goddard* v. *Selden*, 7 Conn. 521; *State* v. *Rusk*, 23 Wis. 640; *Hughes* v. *United States*, 4 Wallace, 237; *Putnam* v. *New Albany*, 4 Biss. 365; *Starr* v. *Stark*, 2 Sawyer R. (9th Circ.), 615.)

III. The defendant will not be allowed to plead as a bar, circumstances or facts occasioned by his own conduct. (*Clark* v. *Young*, 1 Cranch, (U. S.) 181; *Secor* v. *Sturgis*, 16 N. Y. 548.)

IV. No one has power to relieve the defendants of payment or to dissolve the lien of the statute for the taxes. (2 Comp. Laws. 3156, 3238, 3250, and provisions of Revenue Laws; *State* v. *W. U. T. Co.*, 4 Nev. 345; *State* v. *C. P. R. P. Co.*, 9 Id. 79; *State* v. *Easterbrook*, 3 Id. 173; *State* v. *Ormsby Co.*, 6 Id. 95; *State* v. *Com. Washoe Co.*, 7 Id. 83; *State* v. *C. P. R. R. Co.*, 10 Id. 47; *State* v. *C. P. R. R. Co.*, 10 Id. 87; *State* v. *Gracey*, 11 Id. 223. Estoppel does not run against the State. (*Taylor* v. *Shufford*, 4 Hawks. 116; *Candler* v. *Lunsford*, 4 Dev. and Bat. 408; *Wallace* v. *Maxwell*, 10 Ired. 110; *State* v. *Graham*, 23 La.

Ann. 402; *People* v. *Brown*, 67 Ill. 435; *Crane* v. *Reeder*, 25 Mich. 303.)

By the Court, BEATTY, J.:

In this case a demurrer to the complaint was overruled, and the defendants, failing to answer within the time allowed, their default was entered and a judgment rendered in favor of the plaintiff. The defendants appeal from the judgment, assigning as error the order of the district court overruling their demurrer.

The complaint shows that the taxes on the proceeds of the corporation defendants' mine for the quarter ending December, 1876, became delinquent, and that in April, 1877, an action was commenced in the district court to recover the taxes and the penalties that had accrued on account of the failure to pay them before delinquency; "that thereafter, to wit, on the fifth day of May, A. D. 1877, the said suit so commenced on the tenth day of April, A. D. 1877, was pending and undetermined in said district court; that on said fifth day of May, A. D. 1877, plaintiff, at the instance of defendants, the said California Mining Company, and by the consent of said defendants, in open court, withdrew from the consideration of said court the question of plaintiff's right to recover of and from defendants the said ten per centum additional to said tax for delinquency and the said twenty-five per centum in addition to said tax, penalty accrued upon the bringing of said suit; that said question of the plaintiff's right to recover of and from the defendants the amount of said delinquency and penalty were so withdrawn from the consideration of the court aforesaid without prejudice to plaintiff's right to sue for and recover of and from said defendants the said delinquency and penalty."

These are the only allegations of the complaint to which the grounds of demurrer here relied upon have particular reference. The second and third grounds of demurrer are thus stated: "2. The said complaint shows upon its face that there is another action pending between the same parties for the same cause.   3. The said complaint shows upon its face that the cause of action therein set forth has already been adjudicated and finally determined."

Counsel for defendant does not of course attempt to maintain the truth of both the propositions. His position is that the delinquent tax and the penalties for delinquency are one entire cause of action and not capable of being severed or split up into different causes of action; that if the complaint is considered to mean that the former suit was dismissed as to the penalties without prejudice, at the instance or with the consent of the defendants, and judgment recovered for the tax alone, that judgment is nevertheless a complete bar to this action; that it is a bar because a recovery of part of an entire cause of action is always a bar to a suit for the remainder, and that this rule is founded upon principles of public policy which place it beyond the power of the parties to vary it by consent. Upon the most favorable construction of the complaint, therefore, he claims that his demurrer ought to have been sustained; but he relies more especially upon the second ground of demurrer; that is, that it appears from the complaint that the former action for the penalties as well as the tax is still pending and undetermined, and that the penalties may yet be recovered therein. It is conceded by counsel for the State that the cause of action for the tax and the penalties is entire, and it is not denied that, as a general rule, the recovery of a part of an entire demand is a bar to a suit for the remainder; but it is contended that the only substantial reason for the rule is that no man ought to be twice vexed for the same cause, and that when the defendant has consented to a severance of the demand, the reason of the rule failing, the rule itself fails. To this counsel for appellants replies that the rule is founded not only upon the maxim *nemo debet bis vexari*, etc., but also and principally upon another maxim, *interest reipublica ut sit finis litium*, and consequently that it cannot be varied by consent of parties. We have been referred to a large number of cases in which it has been held that the action was barred by a former adjudication upon part of the same entire demand, but the question did not arise, and consequently was not decided, in any one of them whether the operation of the rule would be affected by the agreement of the party to be charged that the de-

mand against him might be split.    Wherever a reason has been assigned for the enforcement of the rule invariable reference has been made to the injustice of permitting a party to be harassed by numerous suits upon the same obligation; whereas in only two cases that we remember (*Sime* v. *Zane*, 12 Harris, 242, and *Logan* v. *Caffrey*, 30 Pa. St., 197) was any allusion made to the interest of the public, and in those cases it was not decided, and could not be decided, since the question was not presented, that the interest of the public was in itself a sufficient reason for an inflexible adherence to the rule in all cases.    We are satisfied that the principal, if not the only substantial, reason for the rule is the right of the debtor to be protected from harassing litigation, and that where he consents to the dismissal of a part of an entire cause of action without prejudice a subsequent action therefor ought not to be barred.    The interest of the public is just as little concerned in prohibiting such an arrangement, which it must be presumed will always be founded upon some anticipated advantage to the debtor, as it is in preventing a debtor from making himself liable to a multiplicity of suits by accepting his creditor's orders in favor of third persons for portions of the amount of his indebtedness.

Moreover, if the only foundation of the rule was the interest of the public that there should be an end of litigation, it might be said in this case that although it is against the interests of the state that private parties should be permitted to split up entire causes of action, this is a reason that cannot be invoked against the state itself.    If it happens to be to the advantage of the state to bring a second suit for these penalties, she cannot be prohibited from doing so upon the ground that it is against her interest that private citizens should be permitted at their option to do the like. It is our opinion that if the action as to the penalties was dismissed at the instance or by the consent of the defendant corporation, without prejudice, this action may be maintained as to the twenty-five per cent. penalty.    We have recently held (see case of same title as this, No. 853, decided at this term) that the ten per cent. penalty does

not accrue upon a delinquent tax on mining proceeds. But we agree with counsel for the appellants that the allegations of the complaint are not sufficient to show that the action was so dismissed.

The sum and substance of the allegation upon this point is, that the question of the right of the state to recover the penalties was withdrawn from the consideration of the court. This is not equivalent to an allegation that the cause of action for the penalties was dismissed. The question of the right of the state to recover the penalties is purely a question of law, and neither the district attorney nor any other representative of the state had any power to absolve the district court from the duty of deciding it in an action which involved the penalties. If, without dismissing the action as to the penalties, the court was asked to ignore the state's right to recover them, it was asked to commit an error for which its judgment might have been reversed on appeal, notwithstanding the unauthorized consent of the district attorney. We cannot hold upon the allegations of the complaint that the action as to the penalties has been dismissed, and we think the district court erred in not sustaining the demurrer, on the ground that the complaint shows another action still pending between the parties for the same cause.

We do not wish to be understood as intimating that the district attorney or any one else had any authority to consent to a dismissal of the action as to the penalties. We are quite of a contrary opinion, but we think it is clear that if the district court permitted a dismissal as to the penalties, at the instance or by the consent of the defendant corporation, and without prejudice, the state ought to have some remedy, and if it has none more effective it ought to prevail in this action, upon a proper showing of the facts.

There seems to have been a miscalculation of the amount due the district attorney in this case. He is entitled to five per cent., as we held in case No. 853, on the tax, and twenty-five per cent. penalty. Here he was allowed nearly ten per cent. of the amount remaining delinquent. This

error will be corrected in any judgment that may be here-
after rendered in favor of the state.

The judgment is reversed and the cause remanded. The
district court will enter an order sustaining the demurrer,
with leave to the plaintiff to amend the complaint.