[No. 922.]

## THE STATE OF NEVADA, Appellant, *v.* THE CALIFORNIA MINING COMPANY AND THE CALIFORNIA MINE, Respondent.

District Attorney has no Authority to Extend Time for Payment of Penalties Due in a Suit for Delinquent Taxes.—The district attorney, and other counsel for the state, entered into a stipulation that, in consideration of the payment of the tax and costs, if a judgment appealed from in this case should be affirmed as to the penalty, or any part thereof, then a stay of execution should be granted until April 1, 1879. The court granted the stay pursuant to the stipulation: *Held,* error; that neither the district attorney, nor his associates, had any power to enter into the stipulation.

Appeal from the District Court of the First Judicial District, Storey County.

The facts are stated in the opinion.

*M. A. Murphy,* Attorney-General.

*F. V. Drake,* District Attorney of Storey County, and *R. M. Clarke,* for Appellant. No brief on file.

*C. J. Hillyer,* for Respondent:

The staying of an execution is within the general authority of an attorney-at-law. (*Willard* v. *Goodrich,* 31 Vt. 600; 20 Me. 183; 7 Cow. 739; 3 Watts & Serg. 426.)

By the Court, Leonard, J.:

The state recovered judgment against respondent, the California Mining Company and its mine, for the sum of seventy-two thousand eight hundred and fifty-two dollars and three cents, on account of delinquent taxes due and payable upon the proceeds of said mine, and in addition, penalties aggregating thirty-five per cent. of the original

tax, for non-payment, as required by law. From that judg-
ment defendants appealed to this court, and the cause was
remanded, with instructions to the court below, to modify
the judgment as stated in the opinion. (13 Nev. 223.) We
held that the court erred in giving judgment for the ten
per cent. penalty, but that the state was entitled to recover
the tax, the twenty-five per cent. penalty, and costs. On
the fifth of May, 1877, after that appeal to this court had
been perfected, the following stipulation was entered into
by the counsel therein named:

"*State of Nevada* v. *The California Mining Company.*
Stipulation of counsel. This case coming on regularly to
be heard at this day, by consent of parties, by their re-
spective attorneys, F. V. Drake, district attorney, and
Messrs. Lewis & Deal, for plaintiff, and R. S. and W. S.
Mesick, for defendants; now said parties expressly agree
and stipulate in open court, as follows, to wit: 'In consid-
eration of the payment of the tax, and costs amounting to
$———, included in the judgment entered in the above-en-
titled action, and now pending on appeal in the supreme
court of the state of Nevada, it is hereby stipulated and
agreed by the plaintiff in said action, that if the judgment
so appealed from be affirmed as to the percentage or pen-
alty, or any part thereof included in said judgment, then,
on the return of the remittitur to the district court, the de-
fendants shall be entitled to an order of said district court,
and the court shall enter such order, staying execution for
the same until the first day of April, 1879.'" On the twen-
ty-seventh day of April, 1878, upon the receipt of the re-
mittitur from this court, the district court modified the
judgment as instructed. Counsel for defendants then moved
for a stay of execution according to the stipulation before
made. The district attorney objected to the motion. His
objection was overruled by the court, and an order was
made, staying execution to, and including the first day of
April, 1879. The district attorney excepted to the order of
the court. This appeal is taken by the state from that order,
and the question to be decided, is whether or not the dis-
trict attorney had the power to enter into the stipulation;

for if he did not, his associates certainly did not, and the order entered thereon can not be sustained.

We think the principles enunciated in our recent decision, in the case of *The State* v. *The Cal. M. Co.* (No. 917), are decisive of the only question here presented. The tax and the penalty constituted but one cause of action. (13 Nev. 295).

The agreement was, that a portion of an entire sum then due should be paid before payment could be enforced, in consideration that payment of the balance should be postponed long after it could have been enforced, and long after the state had a right to demand the whole. It was not such a compromise of the state's demand as to be a bar to a subsequent collection; but it was yielding part of the state's rights in order that the balance might be enjoyed. The state had a lien upon the mine for the amount of the penalty, and if the mine was worked during the stay of the execution, the effect of the agreement was to diminish the value of the lien. In this case, it may be admitted that the state's security was ample, after, as well as before the stay, but in many instances it might happen that under the same stipulation it would be destroyed before an enforcement could be attempted. Whether an attorney of record, for a private person, would be authorized by his retainer to stipulate for his client as the district attorney agreed in this case; or whether, in the absence of proof to the contrary, such authority would be presumed, need not be decided. The powers of a district attorney are not gauged by those of an attorney-at-law, but they are such only as are given him by the statute. His powers are not more general than are those of the assessor and treasurer, in matters appertaining to the collection of taxes. It is the assessor's duty to assess all the property in his county subject to taxation. Under section 3149, of the Compiled Laws, it is his duty, when he assesses the property of any person who does not own real estate, to collect the taxes, immediately, upon the personal property assessed. It is his duty to assess all property at its cash value. Now, suppose a person owns a large amount of personal property, but no real estate. His

property is assessed; but he thinks the assessment is too high, and refuses to pay the taxes. Instead of seizing and selling sufficient property to satisfy the taxes and expenses incurred, the assessor agrees to postpone payment of one half of the amount due for three months, in consideration of the payment of the other half. That agreement is void, because the assessor had no discretion in the premises. His duty was plain, even though he honestly believed it would be better to do as he did do; and when he passed beyond the boundary line of his duty, he was powerless to act, and his agreement was not binding upon the state. We think the district attorney was equally powerless to enter into the stipulation in question. His only duty, on receiving the delinquent list from the auditor, was immediately to commence an action against the defendants for the collection of the tax, penalty, and costs. (Comp. L. 3231.) No delay in the commencement of the action is allowed, and none beyond what is incident to the practice of courts, was intended in relation to any of the subsequent proceedings, including the sale of property in satisfaction of the judgment. There could have been but one object in requiring suits to be commenced by the district attorney, "immediately on receiving the delinquent list from the auditor," and that was, to enable the state to receive all its dues as early as possible.

The law has, in terms, limited the time for payment without penalty, and the time for putting in operation the coercive machinery of the state, in case of refusal to pay according to law; and the district attorney can find no warrant in the statute for an agreement on his part, to delay the payment of a portion due to the state, upon payment of the balance. Such an agreement is opposed by the words and the policy of the law.

If he can agree to postpone payment of the penalty, upon the receipt of the tax, he may delay payment of both tax and penalty, upon an agreement to pay the whole at some time in the future without a contest in the courts. If he has power to postpone payment for a year, he may extend the time to five years or more, thus practically defeating the object of the law, and giving privileges to one delinquent that are not granted to others.

The state demands nothing but its own; it wants no more, and it has empowered no person, in his discretion, to receive less.   If a tax is not legal, no part can be collected, and the district attorney's duties are performed when those facts are ascertained and declared by competent authority. If it is legal, it is the district attorney's duty to collect the whole, tax and penalty, as soon as possible; and he has no more right or power, by agreement, to deprive the state of its lawful revenues for a year than he has to accept a part in satisfaction of the whole.   He may neglect his duty; he may delay collection when proceedings for its enforcement should be instituted and vigorously prosecuted; but that is no argument in favor of the validity of an agreement, the whole object and effect of which is to bind him not to do what the statute has commanded him to do.

Neither the district attorney nor his associates had power to enter into the stipulation upon which the order appealed from was made, and the court erred in staying execution thereon.

The order appealed from is reversed.

HAWLEY, J., concurring: I concur in the judgment.