SOUTHWEST GAS CORPORATION, APPELLANT, v. THIRD JUDICIAL DISTRICT COURT; HON. JOHN F. SEXTON AND ANY AND ALL VISITING JUDGES; AND T. DAVID HORTON, LANDER COUNTY DISTRICT ATTORNEY, RESPONDENTS.

No. 5596

January 21, 1969                    449 P.2d 259

C. H. McCrea and Lawrence V. Robertson, of Las Vegas, for Appellant.

T. David Horton, District Attorney, Lander County, for Respondents.

**OPINION**

By the Court, MOWBRAY, J.:

The District Attorney of Lander County has filed in the Third Judicial District Court a tax collection action in three counts against Southwest Gas Corporation. The second count is a class action brought on behalf of all the counties in the State where Southwest has assets. The District Attorney did not obtain authority from the other counties to file the class action, but did so strictly on his own, for the reason that if he were successful on behalf of his own county of Lander, the other counties where Southwest had assets would enjoy a tax revenue windfall.

Southwest moved to dismiss Count Two, the class action, on the ground that the District Attorney had no authority to file it. The trial court denied the motion, and we are now faced with this application for a writ of prohibition to preclude the Third Judicial District Court from proceeding further with Count Two. Southwest claims that it has no plain, speedy, and adequate remedy at law, as the order denying the motion cannot be appealed, and that the district court is without jurisdiction to hear Count Two. NRS 34.320 and NRS 34.330.

Article 4, section 32, of the Constitution of the State of Nevada has given the State Legislature the power to fix the duties of the District Attorney.[1] The Legislature has done so

---

[1]Nevada Constitution, Art. 4, § 32. "County officers: Power of legislature; election, duties and compensation; duties of county clerks. The Legislature shall have power to increase, diminish, consolidate or abolish the following county officers: County Clerks, County Recorders, Auditors, Sheriffs, District Attorneys, County Surveyors, Public Administrators and Superintendents of Schools. The Legislature shall provide for their election by the people, and fix by law their duties and compensation. County Clerks shall be *ex-officio* Clerks of the Courts of Record and of the Boards of County Commissioners in and for their respective counties."

in NRS 252.110,[2] where it is provided that the district attorney shall prosecute all actions for the recovery of debts, fines, penalties, and forfeitures accruing to *his* county. The statute is patently clear that the district attorney has the power to act solely on behalf of his own county, and for no other county, to recover debts, fines, penalties, and forfeitures.

As this court said in State v. California Mining Co., 15 Nev. 308, 310 (1880): "The powers of a district attorney are not gauged by those of an attorney-at-law, *but they are such only as are given him by the statute*. His powers are not more general than are those of the assessor and treasurer, in matters appertaining to the collection of taxes." (Emphasis added.) See also State v. Farrell, 151 P.2d 636 (Ore. 1944).

The Lander County District Attorney's gratuitous attempt to represent the other counties, with or without their consent, is prohibited by statute. Since he had no authority to act, he had no authority to include Count Two in the suit which he filed for Lander County. Jurisdiction not only contemplates the power of the court to act, but also contemplates that one seeking to invoke the jurisdiction of the court has the authority to do so. We conclude that the motion to dismiss Count Two should have been granted, since the district court does not have jurisdiction to hear that claim for relief.

The writ shall issue.

COLLINS, C. J., BATJER and THOMPSON, JJ., and COMPTON, D. J., concur.

---

[2]NRS 252.110. "Duties. The district attorney shall:

". . . . .

"3. Prosecute all *recognizances forfeited in the district court and all* actions for the recovery of debts, fines, penalties and forfeitures accruing to his county."