[No. 2167]

IN THE MATTER OF THE APPLICATION OF WESLEY HIRONYMOUS FOR A WRIT OF HABEAS CORPUS.

[147 Pac. 453]

1. CRIMINAL LAW—FORMER JEOPARDY—DISMISSAL OF INDICTMENT.
   Under Rev. Laws, sec. 7101, providing that if a demurrer to an indictment is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense unless the court directs the case to be submitted to the same or another grand jury; section 7090 providing that an indictment must be set aside by the court upon defendant's motion in the cases therein specified; section 7092 providing that if such a motion is granted the court must order that the defendant be discharged, or that his bail be exonerated, or that money deposited instead of bail be refunded, unless it directs that the case be resubmitted to the same or another grand jury: section 7094 providing that an order to set aside an indictment as provided in that act is no bar to a further prosecution; section 7399 authorizing the court on its own motion or on the application of the district attorney to order an action after indictment to be dismissed; and section 7401 providing that an order for the dismissal of an action as provided in that chapter shall bar another prosecution for the same offense ·if it be a misdemeanor, but not if the offense be a felony—an order dismissing an indictment on motion of the district attorney because of a clerical error therein did not bar a new prosecution, though no order was entered resubmitting the case to the grand jury.

Opinion of the Court—Norcross, C. J.

2. INDICTMENT AND INFORMATION — DISMISSAL OF INDICTMENT — RESUBMISSION.

As on the dismissal of an indictment on motion of the district attorney because of a clerical error therein, the failure to order a resubmission of the case to the grand jury did not bar a new prosecution. an order directing the district attorney to take such steps, by indictment or information, as he might deem advisable was not void as divesting the court of its discretion in the premises and imposing such discretion upon the district attorney.

3. INDICTMENT AND INFORMATION—AMENDMENT—RESUBMISSION TO GRAND JURY.

Under Rev. Laws, sec. 7060, providing that no indictment shall be deemed insufficient, nor shall the trial, judgment, or other proceeding be affected by reason of any defect or imperfection in matters of form which shall not tend to the prejudice of the defendant, and that the court may, on application, direct the indictment to be amended to supply the deficiency or omission when, by such amendment, the nature of the charge shall not be changed and the defense on the merits will not be prejudiced, where in an abundance of precaution the court, instead of directing an indictment to be amended to cure a clerical error, dismissed the indictment and reconvened the grand jury, which thereupon returned a second indictment, the new indictment should be regarded in effect as simply an amendment of the first indictment.

ORIGINAL PROCEEDING by Wesley Hironymous for a writ of *habeas corpus*. **Writ denied.**

*Platt & Sanford,* for Petitioner.

*Geo. B. Thatcher,* Attorney-General, and *J. E. Campbell,* District Attorney, for Respondent.

By the Court, NORCROSS, C. J.:

This is an original proceeding in *habeas corpus*. It appears from the return of the sheriff of Lyon County, who is charged in the petition with the unlawful detention of the petitioner, that on the 9th day of October, 1914, in the district court in and for Lyon County, the grand jury returned an indictment against petitioner; that thereafter and on the same day, upon motion of the district attorney, the said indictment was ordered dismissed, upon the ground that a clerical error appeared therein, and it was further ordered that the grand jury reconvene at the hour of 11 o'clock a. m. of said day; that thereafter and on the same day the grand jury

returned a second indictment against the petitioner, which was substantially in the same form as the first indictment, except that in the second indictment the name of the petitioner was inserted in a blank space where it evidently had been omitted through inadvertence in the preparation of the first indictment; that thereafter, and on the 10th day of October, 1914, petitioner interposed a plea of not guilty to the said indictment; that thereafter, and on the 15th day of December, 1914, the case coming on for trial in accordance with the previous setting, and before the beginning of the trial, counsel for defendant, petitioner herein, moved the court to withdraw the plea of defendant in order to permit counsel to both demur to the indictment and to interpose a motion to quash the same.

The certified copy of the minutes of the court filed by petitioner does not show that any order was entered permitting the plea to be withdrawn, but the minutes do show that counsel proceeded with the argument of the demurrer and the motion to quash, and that thereafter and on the same day the court ordered that the demurrer be overruled and the motion to quash denied, to which orders counsel for defendant were given the benefit of an exception. Upon the following day it appears from the minutes of the court that counsel for the defendant were permitted to resume further argument upon the motion to quash, and the same was thereafter taken under advisement until 1 o'clock p. m. of that day; thereafter and on the same day, and before any further order was made by the court upon the motion to quash, the district attorney made the following statement and motion:

"After having examined the records of the stenographer taken at the time that this second indictment was returned by the grand jury, and prior thereto, I am convinced that the order for resubmitting the same to the grand jury after the dismissal of the first indictment was not in fact made, and that the resubmission was an informal submission, and sufficiently informal that it didn't comply

with the letter of the statute, although the record shows the reconvening of the grand jury, and, not desiring to carry this case into the supreme court, and through interminable litigation, I ask at this time, and I therefore move the court to dismiss the present indictment against this defendant, Wesley Hironymous, and enter its order resubmitting the same to the grand jury of Lyon County, next to be convened."

To the foregoing statement and motion the minutes of the court show that counsel for defendant replied: "We do not desire at this time to interpose any objection to your honor quashing this present indictment, but for the purpose of preserving the record, we desire to interpose an objection to the court resubmitting the case again for the consideration of the grand jury. The ground of objection being that the present order of resubmission, if made, must be predicated upon a proper basis of dismissal of the original indictment, and order a resubmission upon that, and the fact that the second indictment was brought without an order of resubmission after the dismissal of the first indictment destroys the foundation for an order of resubmission at the present time."

The court thereupon "ordered that the case be dismissed, upon motion of the district attorney, and the court now orders that the matter be resubmitted to the present or a future grand jury to be drawn in Lyon County." Thereafter, and on the 13th day of January, 1915, the following order was entered:

"It appearing to the court that the defendant has been held to answer in the above-entitled case,  *  *  *  and that the charge pending against him as yet remains undisposed of, it is ordered that the district attorney proceed at once to make a full examination of said charge, and take such steps towards prosecution, either by indictment or by information, as he may deem advisable in the premises, and that any previous order of this court, in so far as it conflicts with this order, be and the same is hereby vacated and set aside."

That thereafter, and on the 2d day of February, 1915,

an information was filed with the clerk of the district court by J. E. Campbell, Esq., district attorney of Lyon County, which information was substantially in the form of the indictment previously dismissed. Thereafter, and on the 4th day of February, 1915, defendant, petitioner herein, was arraigned upon said information. Objection was thereupon made by counsel for defendant to the order allowing the district attorney to proceed by indictment or information, that the same was made in the absence of the defendent, to the form and substance of the order, and to the power of the court to make the same, which objections being overruled, defendant waived time in which to plead and entered a plea of not guilty.

The principal contention of counsel for petitioner is that the court, at the time of dismissing the first indictment, having made no specific order of resubmission to the same or another grand jury, "such dismissal operated as a statutory bar, and  *  *  *  that the defendant was at once placed in statutory jeopardy, and that he was just as free a man as if never indicted for any offense." It is further contended that the order of the court made on the 13th day of January was invalid and conferred no power on the district attorney to proceed by information, in that it was an attempt to confer upon the district attorney the power to exercise his discretion as to whether he would proceed either by indictment or by information, or at all. In the language of counsel for petitioner, it is their contention, "that the court should have directed the district attorney to proceed by way of indictment or information against this defendant; that, the court having said to the district attorney: 'You may exercise your discretion; either proceed or do not, or if you do, proceed by way of information or indictment'—that of itself is sufficient to deprive the district attorney of the right to proceed anew against this defendant, and the order itself appears as a bar."

[1] Counsel for petitioner have cited a number of California cases which they contend are conclusive upon the question that failure to order a resubmission of a case

at the time of the dismissal of an indictment operates as a bar to further proceedings and entitled defendant to absolute discharge, citing *Ex Parte Williams,* 116 Cal. 512, 48 Pac. 499; *Ex Parte Hayter,* 16 Cal. App. 211, 116 Pac. 370; *Ex Parte Hughes,* 160 Cal. 388, 117 Pac. 437; *People* v. *Nogiri,* 142 Cal. 596, 76 Pac. 490; and *People* v. *Jordan,* 63 Cal. 219. An examination of all the authorities cited and relied upon by counsel for petitioner discloses that they deal only with the question of the failure of the court to make such an order of resubmission upon the sustaining of a demurrer to an indictment. Our statute, like the California statute, relating to a demurrer to indictment, reads:

"If the demurrer is allowed, the judgment is final upon the indictment demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment, directs the case to be submitted to the same or another grand jury." (Rev. Laws, sec. 7101.)

The only other provision of our statute where it might be contended from the language used that failure to make an order of resubmission would operate as a bar relates to the dismissal of a charge by a grand jury where a defendant has been held to answer upon preliminary examination. (Rev. Laws, sec. 7044.) The Supreme Court of California, however, has repeatedly held in construing the corresponding section in the code of that state, that failure to make such an order of resubmission does not operate as a bar to another prosecution for the same offense. (*Ex Parte Clark,* 54 Cal. 412; *Patterson* v. *Conlan,* 123 Cal. 452, 56 Pac. 105; *In Re Bergerow,* 136 Cal. 297, 68 Pac. 773, 56 L. R. A. 528.)

It is specifically provided by statute that an order setting aside an indictment upon any of the grounds specified in Revised Laws, sec. 7090, "is no bar to a further prosecution for the same offense." (Rev. Laws, sec. 7094.) If the motion to set aside the indictment is granted "the court must order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail,

that his bail be exonerated; or, if he has deposited money instead of bail, that the same be refunded to him, unless it directs that the case be resubmitted to the same or another grand jury." (Rev. Laws, sec. 7092.) It will be observed that there is nothing in the sections of the statute, relating to orders setting aside an indictment, making such orders a bar to further prosecution unless an order of resubmission is made.

Sections 549 and 551 of the criminal practice act, which relate to dismissals of actions, provide:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order any action after indictment to be dismissed; but in such case the reasons of the dismissal shall be set forth in the order, which must be entered on the minutes."

"An order for the dismissal of the action, as provided in this chapter, shall be a bar to another prosecution for the same offense, if it be a misdemeanor, but it shall not be a bar if the offense charged be a felony." (Rev. Laws, sec. 7399, 7401.)

No order was made sustaining a demurrer to an indictment against the petitioner; hence no question of bar to further prosecution is presented by reason of failure to make an order of resubmission upon the sustaining of a demurrer to an indictment. The provisions of the statute relative to orders dismissing or setting aside an indictment leave no room for construction that such orders operate as a bar to further indictment in the absence of an order of resubmission, for the statute specifically provides that such orders do not operate as a bar.

In *People* v. *Breen*, 130 Cal. 72, 75, 62 Pac. 408, 409, considering a similiar question, the court said:

"It is true that section 1387 refers to dismissals on the order of the court for want of prosecution or otherwise, while section 999 refers to orders made on motion of the accused to set aside the indictment or information. But the intention of the legislature is quite clear that in either case the order shall not constitute a bar to any further prosecution made upon an indictment or information for the same offense."

In *People* v. *Ammerman,* 118 Cal. 23, 50 Pac. 15, the same question was presented, and, after considering the case at some length and referring to a number of other California authorities, the court said:

"It is by the terms of the statute in the case of demurrer allowed that the judgment becomes a bar unless the court directs a new information to be filed. The section does not apply to a case where no demurrer is interposed, or, if interposed, is disallowed. This clearly appears from preceding and subsequent sections of the same chapter."

See, also, *People* v. *Allen,* 61 Cal. 140; *People* v. *Jordan,* 63 Cal. 219; *People* v. *Campbell,* 59 Cal. 243, 43 Am. Rep. 257; *Ex Parte Job,* 17 Nev. 187, 30 Pac. 699.

[2] The contention that the order of January 13, *supra,* directing the district attorney to investigate the case and to proceed further, either by indictment or by information as he may deem advisable, is void because it is an attempt to divest the court of its discretion in the premises and imposes the same upon the district attorney is without merit, for the same reason that the contention that the grand jury was without power to bring in a second indictment, because of the failure of the court to specifically direct a resubmission, is without merit.

The cases cited by counsel for petitioner in support of his contention that there must be a mandatory order of resubmission by the court only relate to cases where the court has sustained a demurrer to an indictment and have no bearing upon a question such as is presented in this case.

It may be seriously questioned whether the so-called second indictment, filed on the same day as the first indictment, was, in contemplation of the statute, another and different indictment. In *Terrill* v. *Superior Court,* 60 Pac. 39, cited by this court in the recent case of *State* v. *Towers,* 37 Nev. 101, 139 Pac. 779, the Supreme Court of California said:

"Perhaps, before the defendant has been arraigned, the indictment could be withdrawn, and by leave of the court sent back to the jury for amendment."

From *People* v. *Hanstead*, 135 Cal. 149, 67 Pac. 763, we also quoted in the Towers case, *supra*, the following:

"It is not necessary to determine whether, upon a presentation of an indictment, and before any action has been taken upon it, the court could legally resubmit it to the grand jury for correction. In such case it might possibly be held that there was really only one transaction and one indictment, and that the resubmission was, as intimated in the Terrill case, 'merely formal,' although we do not wish to be understood as expressing any opinion on that subject."

[3] Manifestly the purpose of the second indictment was to procure amendment of the original indictment to cure an inadvertent omission which in any event was not vital to its validity. (*State* v. *Maldonado*, 21 Wash. 653, 59 Pac. 489.) The defect in the original indictment was in a matter of form which could not tend to the prejudice of the defendant, and, under the provision of the statute permitting amendments (Rev. Laws, sec. 7060), we think the court could have directed that the indictment be amended to supply the omission without a resubmission to the grand jury. Unless more weight is given to the form than to the substance, the fact that, in the abundance of precaution, the defective indictment was dismissed and a corrected indictment immediately returned by the same grand jury ought to be regarded, in effect, as simply an amendment. It is immaterial, however, in this case whether the second indictment is considered as a new indictment or simply as an amended indictment, as no bar to further prosecution attaches in either case.

In the petition for the writ, counsel for petitioner raised the question that the court was without power to modify the order of December 15, 1914, *supra*, permitting the district attorney to proceed either by indictment or information, in that Revised Laws, sec. 7092, provides only for an order of resubmission to a grand jury. This point was not urged in the argument on the hearing, and we may, for that reason, regard it as abandoned. We do

not understand that counsel for petitioner now contends that if power existed to proceed further against the petitioner after the dismissal of the first indictment, such proceeding might not be by information under the constitutional amendment adopted at the general election of 1912, and the statute based thereon adopted by the legislature of 1913 (Stats. 1913, p. 294). See *Alderman* v. *State*, 24 Neb. 97, 38 N. W. 36.

As the bar to further prosecution, which counsel for petitioner has relied on in this proceeding, only applies in the case of an order sustaining a demurrer to an indictment or information, where no order of resubmission is made, and as this is not a case coming within that rule, but is a case coming within other provisions of the statute where no bar attaches, it follows that the proceedings must be dismissed; and it is so ordered.