CLIFFORD WADE EPPERSON, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 5586

December 30, 1968          448 P.2d 705

*James D. Santini,* Public Defender, and *Anthony M. Earl,*
Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City,
*George E. Franklin, Jr.,* District Attorney, and *Jerry J. Kaufman,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

A jury convicted Epperson of a nighttime robbery of the
Stop and Go Market near Las Vegas. His defense to the
charge was an alibi—that he was elsewhere playing pool. He
so testified and was corroborated by the testimony of his pool
companion. The store manager and his wife were on duty when
the gun-point robbery occurred. Each positively identified
Epperson as one of four Negroes who, in concert, perpetrated
the crime.

730

We are asked to set aside the conviction mainly because of a court ruling which blocked cross-examination of the store manager respecting cash shortages at the store the month before and the month after the robbery. Since the store manager was hired one month before the robbery and was dismissed about one month after it occurred, defense counsel wished to elicit information respecting those shortages to impeach the store manager, and to give counsel a base from which to infer that the shortage claimed from the robbery was just "another shortage" incurred during the brief tenure of the store manager.

The store manager was the key witness for the prosecution. His credibility and that of his wife, was to be weighed against the veracity of the defendant and his corroborating witness. The outcome of the case depended upon that assessment, and defense counsel should have been allowed to thoroughly cross-examine the manager on matters suggesting bias or motive. This, of course, is in line with the general view recommending wide latitude in the examination of witnesses against a defendant in a criminal case. Jennings v. Superior Court, 428 P.2d 304, 310 (Cal. 1967).

In this case, however, the error was harmless since the defense was permitted to introduce independent evidence of the shortages at the store through the field representative of the Stop and Go Market. Thus, the information sought from the mouth of the store manager was before the jury through another witness. The substantial rights of the accused were not adversely affected. NRS 169.110; now NRS 178.598.

Other assigned errors are without substance.

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.