Jackie PARHAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 7, 1975.

————◆————

Charles M. Chaney, Weisenberger, Chaney, Daughaday & Sharp, Mayfield, for appellant.

Ed W. Hancock, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

On January 10, 1973, Jackie Parham was indicted by the grand jury of Graves County, Kentucky, for having committed the offense of arson as denounced in KRS 433.030 and the offense of shooting at with intent to kill as denounced in KRS 435.170. On June 16, 1974, appellant was arrested and placed under bond. Subsequent to the swearing in of the trial jury and immediately prior to the Commonwealth's opening statement to the jury, the offense charged under KRS 435.170 was, on motion of the Commonwealth's Attorney, dismissed by the court. On July 24, 1974, appellant was tried and convicted of arson and sentenced to serve two years in an institution under the supervision of the Department of Corrections. On this appeal it is charged that:

(1) The evidence was insufficient to sustain a conviction; and

(2) The Commonwealth failed to prove the value of the 1964 Ford Thunderbird automobile that was burned.

Appellant and Charles Glover, the person whose automobile was burned, are former brothers-in-law. Appellant and Charlie's sister were formerly married, but the marriage terminated in divorce. After the divorce Jackie has openly expressed hostility toward Charlie and threatened him and his automobile.

On December 24, 1972, at about 7:00 p. m., Charlie and his family were attending religious services at the Rhodes Chapel Missionary Baptist Church in Lynnville, Kentucky. The services were interrupted by a neighbor calling out "fire". The worshipers hurried from the church and it was soon discovered that Charlie's car was aflame. It was burning so hard on the inside that it was impossible to salvage any of the personal property that was inside the car or in the trunk. The contents and the car were totally destroyed. The condition of the car as it was immediately after the fire was shown by four photographs that were admitted

into evidence and passed to the jury for their perusal. Witnesses testified that Jackie was driving his car up and down the road in the neighborhood of the church earlier in the night; that immediately after the fire Jackie's car was found wrecked on a culvert or in a small ditch 200 or 300 feet from the fire; that as Charlie and others attempted to approach Jackie's car he got out and fired a gun at them; and that they left the scene, as did Jackie without his car. Joe Prince told of receiving a distressed telephone call that night from his good friend Jackie, the appellant, and that he drove his car to pick up Jackie at a designated location. He testified that Jackie told him that he had trouble with his car; that he and Charlie had had trouble again, which the witness presumed to have been that same evening; that Jackie said he was thinking of leaving this part of the country and asked to be taken to the bus station at Fulton, Kentucky; that while enroute to the bus station Jackie said for him to stop the car and let him out as he (Jackie) didn't want Joe to get in any trouble; that he drove Jackie about ten miles and, at Jackie's behest, he stopped the car and Jackie got out. Appellant did not testify.

Counsel for appellant vigorously stresses that the conviction was on circumstantial evidence insufficient to support the judgment of the court.

When the action of the parties and the circumstances surrounding the burning of Charlie's car are placed in their proper perspective, this court is of the opinion that there is sufficient evidence to support the judgment of the court.

▮ Counsel for appellant rightly states that the Commonwealth has the duty to establish value. In the case of Perkins v. Commonwealth, Ky., 409 S.W.2d 294, this court said,

"There was no direct evidence as to the present value of the saw."

In the case at bar, the automobile which was destroyed was an eight-year-old 1964 Ford Thunderbird. It was used by Charlie and, from the photographs that were filed in the evidence and exhibited to the jury, it is apparent the car was not a junker. This court will not presume to be more ignorant of the value of automobiles than other laymen. It unquestionably appears that the burned automobile had a value prior to its burning much in excess of $25 and, by its verdict, the jury also found its value to be in excess of $25. Appellant's position in this respect is not well taken.

The judgment is affirmed.

All concur.