JOHNNY LEE LAYTON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 7226

May 30, 1975                              536 P.2d 85

*Lohse and Lohse, Chartered,* of Reno, for Appellant.

*Robert List,* Attorney General, and *Robert A. Groves,*
Deputy Attorney General, Carson City; *Larry R. Hicks,* Dis-
trict Attorney, Washoe County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Johnny Lee Layton's conviction for first degree murder in 1970 was affirmed by this court in Layton v. State, 87 Nev. 598, 491 P.2d 45 (1971). Appellant's petition for writ of habeas corpus was granted by the United States District Court for the District of Nevada, and the case was remanded to the state district court for retrial. The present appeal is taken from the judgment of conviction for first degree murder in that second trial.

1. Appellant initially assigns as error the court's denial of his motion for mistrial or to voir dire the jury concerning allegedly prejudicial publicity during the trial. The publicity in question was an article in the October 14, 1972 Reno Evening Gazette which reported defense counsel's reply to the court's inquiry into the reasons for appellant's refusal to testify. Among the reasons given was a prosecution threat to introduce into evidence a prior confession of defendant if he testified. Radio reports also carried this information.

Appellant relies on Sheppard v. Maxwell, 384 U.S. 333 (1966), for the proposition that a trial court must poll a jury upon defense request where that jury has been exposed to prejudicial publicity. Each such case must be decided on its facts, and ordinarily the defendant bears the burden of showing unfairness in the adjudicatory process unless the totality of the circumstances raises the probability of prejudice. U.S. v. McNally, 485 F.2d 398, 402 (8th Cir. 1973) (cert. denied 415 U.S. 978 (1974)), citing Sheppard v. Maxwell, supra.

The lower court scrupulously admonished the jury to avoid the news at the close of each session and upon the conclusion of the presentation of evidence. The publicity complained of occurred the day after the last evidence was presented. The totality of the circumstances indicates no probable prejudice. Nor has appellant offered any evidence of the jury's exposure to the publicity. Compare Sheppard, supra. We conclude that

the trial court did not commit error in refusing to grant a mistrial or to voir dire the jury. Compare Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

2.    Appellant's next claimed error arose from alleged misrepresentations by the prosecutor as to certain rebuttal evidence he possessed which induced appellant to refrain from testifying and thus denied him a fair trial. The rebuttal evidence was comprised of appellant's "admissions" of his crime to two different people. An examination of the record reveals that one of the alleged "admissions" could not be so classified. However, the record also shows that appellant had other compelling reasons to forego testifying, including probable impeachment through the introduction into evidence of prior felony convictions and testimony at a previous trial.

Appellant initially challenged this misrepresentation by means of a motion for new trial in the district court, made after having filed his appeal in this court. Appellant had asked this court to remand the case to enable the district court to consider the motion for new trial. We refused to remand, at the same time vacating the briefing schedule for the pending appeal and holding it in abeyance until the termination of further district court proceedings. See Layton v. State, 89 Nev. 252, 510 P.2d 864 (1973). The motion for new trial below was denied on April 9, 1974, and, no notice of appeal having been filed thereafter, the propriety of the denial is not now before us.

"It is a violation of due process for the prosecutor to withhold exculpatory evidence. . . ." Wallace v. State, 88 Nev. 549, 551, 501 P.2d 1036 (1972). Appellant relies on the above authority for his present theory of error. The withholding of exculpatory evidence in that case is analogized to the inducement, through misrepresentation, of appellant to refrain from testifying in this case. There is little doubt that appellant's testimony would have been exculpatory in nature, and that the prosecutor's misrepresentation was, at least in part, responsible for its being withheld.

The prosecutorial misrepresentation was improper, however, we deem it harmless. NRS 178.598. Upon inquiry by the trial court into the reasons for appellant's refusal to testify, other compelling reasons not induced by the claimed prosecutorial misconduct were given. Thus any prosecutorial misrepresentation cannot be said to have adversely affected the substantial

rights of the accused. Epperson v. State, 84 Nev. 729, 448 P.2d 705 (1968).

Appellant further contends that, because of the afore-mentioned prosecutorial misconduct, his request to personally address the jury was erroneously denied. The contention is without merit. "If the defendant elects to have counsel, he has no right to represent himself." Miller v. State, 86 Nev. 503, 506, 471 P.2d 213 (1970). NRS 175.151,[1] upon which appellant relies, speaks to the number of counsel authorized to argue a case and does not address the question here presented.

3. Appellant next asserts as error the admission of the transcript testimony of several witnesses who testified at his first trial. It is argued that the prosecutor made an inadequate showing of the unavailability of the witnesses to testify in the second trial. Thus, appellant's right to confront the witnesses against him, guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, was abridged.

Appellant's claim finds no support in the record. Ample evidence of unavailability of the witnesses was introduced by the prosecutor. Furthermore, each witness had been cross-examined by appellant's counsel at his first trial where their testimony was transcribed. Pointer v. Texas, 380 U.S. 400 (1965); Coffman v. State, 81 Nev. 521, 407 P.2d 168 (1965).

4. Finally assigned as error is the lower court's refusal to instruct the jury on voluntary manslaughter and on the weight accorded transcript testimony. ". . . [A] defendant in a criminal case is entitled to have the court instruct the jury about his theory of defense, if there is evidence to support it." Froggatt v. State, 86 Nev. 267, 270, 467 P.2d 1011 (1970), citing Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965). Appellant relies on the lack of direct evidence of the manner in which the victim was killed to support his request for a

---

[1]NRS 175.151: "If the indictment or information be for an offense punishable with death, two counsel on each side may argue the case to the jury, but in such case, as well as in all others, the counsel for the state must open and conclude the argument. If it be for any other offense, the court may, in its discretion, restrict the argument to one counsel on each side."

manslaughter instruction. But no evidence specifically supporting a manslaughter theory is cited. See NRS 200.050.[2] Nor does a review of the record reveal such supportive evidence.

A partially correct statement of the law was contained in appellant's instruction on transcript testimony, however, the valid portions were covered in other instructions, and the proposed instruction was properly refused. Collins v. State, 88 Nev. 168, 494 P.2d 956 (1972).

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

[2]NRS 200.050: "In cases of voluntary manslaughter, there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing."