ANTHONY FREDERICK PASSARELLI, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 9054

May 23, 1977                                   564 P.2d 608

*Cohen and Terry,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,*

District Attorney, *H. Leon Simon* and *William Koot,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Convicted by jury of second degree murder, appellant contends the district court erred by (1) admitting into evidence one Ondra Passarelli's preliminary hearing testimony, (2) admitting into evidence a witness's prior inconsistent statement, and (3) refusing to give two instructions proposed by appellant. We disagree.

1. Appellant contends Ondra Passarelli's testimony given at his preliminary hearing should not have been read to the jury because her death prior to trial precluded the jury's observation of her demeanor on the stand, she was an unreliable witness, and the danger of prejudice outweighed the probative

value of her testimony. However, Ondra's death is no basis for excluding such evidence. NRS 51.325(1)[1] and 51.055(1)(c).[2] Ondra's alleged unreliability is not grounds for excluding the evidence, but merely goes to her credibility and the weight to be given her testimony which are determinations for the trier of fact. King v. State, 87 Nev. 537, 490 P.2d 1054 (1971). Finally, the decision to admit Ondra's testimony given at the preliminary hearing after balancing its prejudicial effect against its probative value is one addressed to the sound discretion of the trial court. Halbower v. State, 93 Nev. 212, 562 P.2d 485 (1977). Here, we perceive no abuse of discretion in admitting Ondra's testimony.

2. At appellant's preliminary hearing, one Reggie Gregg testified appellant had never told her he was going to "dust" the victim. Gregg was confronted with a statement previously given to law enforcement officials which was contrary to this testimony, and appellant's counsel extensively cross-examined her regarding the circumstances of the prior inconsistent statement. At trial, Gregg being declared an unavailable witness within the meaning of NRS 51.055(1)(d),[3] her preliminary hearing testimony was admitted into evidence under the former testimony exception to the hearsay rule. NRS 51.325(1).[4] The State then called Detective McGuckin of the Las Vegas Metropolitan Police Department who testified Gregg had indeed made the prior inconsistent statement to him.

Appellant contends the district court erred by admitting McGuckin's testimony into evidence for the truth of the matter

[1]NRS 51.325(1) provides:

"Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of another proceeding, is not inadmissible under the hearsay rule if:

"1. The declarant is unavailable as a witness; . . ."

[2]NRS 51.055(1)(c) provides:

"1. A declarant is 'unavailable as a witness' if he is:

". . .

"(c) Unable to be present or to testify at that hearing because of death or then existing physical or mental illness or infirmity; . . ."

[3]NRS 51.055(1)(d) provides:

"1. A declarant is 'unavailable as a witness' if he is:

". . .

"(d) Absent from the hearing and beyond the jurisdiction of the court to compel appearance and the proponent of his statement has exercised reasonable diligence but has been unable to procure his attendance or to take his deposition."

[4]*Supra* note 1.

asserted because Gregg was not available at trial for cross-examination. Even were we inclined to accept appellant's argument, the jury's verdict is supported by other overwhelming evidence of appellant's guilt and thus will not be disturbed on appeal. Coffman v. State, 93 Nev. 32, 559 P.2d 828 (1977); Hendee v. State, 92 Nev. 669, 557 P.2d 275 (1976).

3. Finally, appellant contends the district court erred by refusing to give two instructions dealing with the weight and credibility which the jury should accord certain testimony. However, the subject matter of those proposed instructions was treated in other instructions given by the court. " 'It is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another instruction given to the jury.' " Geary v. State, 91 Nev. 784, 793, 544 P.2d 417, 423 (1975); see also Layton v. State, 91 Nev. 363, 536 P.2d 85 (1975).

Affirmed.[5]

[5]The Governor, pursuant to Article IV, § 4 of the Constitution, designated District Judge Peter I. Breen to sit for Mr. Justice Zenoff, who voluntarily disqualified himself and took no part in this decision.