DONNELL COSEY, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9171

June 30, 1977                    566 P.2d 83

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted by jury of robbery, a violation of

NRS 200.380, and, pursuant to NRS 193.165, received an enhanced sentence for use of a deadly weapon in the commission of that crime.[1] Here, he contends the district court erred by (1) refusing to give a proposed instruction, (2) refusing to allow his counsel to read from a court decision during final argument, (3) failing to grant a mistrial due to the prosecutor's remarks to the jury during closing argument, (4) admitting into evidence a hearsay statement, and (5) allowing the prosecutor to prejudicially question a witness. We perceive no error.

1. Since the law encompassed in his proposed instruction was substantially covered by other instructions given to the jury, appellant's first contention is without merit. Passarelli v. State, 93 Nev. 292, 564 P.2d 608 (1977); Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975).

2. Notwithstanding appellant's second contention to the contrary, the district court properly precluded defense counsel's attempt to read from a court decision during final argument to the jury. State v. Shelton, 431 P.2d 201 (Wash. 1967).

3. Appellant next contends he should have been granted a mistrial because, during final argument, the prosecutor commented: "If you cut Donnell Cosey loose, you are going to be cutting loose a person who is going to be out there to rob you or I." This comment was improper. However, after the trial

---

[1]NRS 200.380 provides, in pertinent part:

"1. Robbery is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence or fear of injury, immediate or future, to his person or property, or the person or property of a member of his family, or of anyone in his company at the time of the robbery. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking, in either of which cases the degree of force is immaterial. If used merely as a means of escape, it does not constitute robbery. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear."

NRS 193.165 provides, in pertinent part:

"1. Any person who uses a firearm or other deadly weapon in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime."

court declined to grant Cosey's motion for mistrial, defense counsel did not pursue the matter further and chose not to seek a corrective instruction. Under these circumstances and since the case is free from doubt, we conclude that error requiring a reversal did not occur. Moser v. State, 91 Nev. 809, 544 P.2d 424 (1975).

4. Appellant argues the district court erred by admitting a hearsay statement into evidence. However, he has failed to make any showing that he was prejudiced by the statement. "[E]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, . . ." NRS 47.040(1).

5. Finally, appellant contends the court erred by permitting the State to ask one of its witnesses whether she had received any threats regarding her testimony. This contention arose after her credibility was placed in issue because of a prior inconsistent statement she had given to law enforcement officials. Although she testified otherwise, she told the court outside the presence of the jury that threats had indeed been made. "The credibility of a witness may be attacked by any party, including the party calling him." NRS 50.075. Here, the prosecutor's examination was a proper inquiry into matters relevant to the witness's credibility and reasons why she was recanting her prior statement. *See* Thompson v. State, 541 P.2d 1328 (Okla.Crim.App. 1975); People v. Pruitt, 318 P.2d 552 (Cal.App. 1957); Luker v. State, 125 S. 788 (Ala.App. 1930).
Affirmed.