HAROLD COFFMAN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 4796

November 2, 1965        407 P.2d 168

W. *Albert Stewart, Jr.* and *Douglas R. Pike,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City; *Edward G. Marshall,* District Attorney, and *Earl Gripentrog* and *Leonard I. Gang,* Deputy District Attorneys, of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The defendant Coffman was convicted of statutory rape, following a jury trial at Las Vegas, Nevada. During trial the deposition of a doctor was received in evidence over objection. This is assigned as prejudicial error, the argument being that the defendant was denied his federal constitutional right of confrontation.[1] On the record of this case the argument has no merit.

It is now settled that an accused's Sixth Amendment right to confront the witnesses against him is a fundamental right made obligatory on the several states by the Fourteenth Amendment. Pointer v. Texas, 380 U.S.

---

[1]The Sixth Amendment to the United States Constitution provides in part: "In all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *."

400, 13 L.Ed.2d 923, 85 S.Ct. 1065. The major reason underlying the rule of confrontation is "to give a defendant charged with crime an opportunity to cross-examine the witnesses against him." Id., 13 L.Ed.2d at 928, 85 S.Ct. at 1069. With this in mind, we turn to the circumstances here presented. The case against Coffman was called for trial. Defense counsel requested a continuance. The court allowed the trial to be put off, upon condition that the deposition of Dr. McLaughlin be taken. The procedure is authorized by NRS 174.540.[2] The deposition was taken, the deponent being examined by the prosecutor and cross examined by defense counsel. The defendant attended. When trial finally occurred the doctor was in Michigan. His deposition was used in lieu of courtroom testimony. Thus the defendant was accorded an opportunity, through counsel, to cross examine the doctor at deposition, and did so. His constitutional right to confront the doctor was not violated. Indeed, in noting some of the situations that would not fall within the scope of the rule of confrontation, the court in Pointer wrote, "The case before us would be quite a different one had Phillips' statement been taken

[2]NRS 174.540 provides: "1. When an action is called for trial, or at any time previous thereto, the court may, upon sufficient cause shown by either party by affidavit, direct the trial to be postponed to another day; but in all cases where a continuance is granted upon the application of either party the court may require, as a condition of granting such continuance, that the party applying therefor consent to taking, forthwith, or at any time to be fixed by the court, of the deposition of any witness summoned by the opposite party whose deposition has not previously been taken. Such deposition must be taken in the same manner that depositions are required to be taken in NRS 171.505.

"2. The court also has authority to require all witnesses to enter into undertakings in such sum as the court may order, with or without sureties, to appear and testify on the day to which the case may be continued; but any witness who is unable to procure sureties for his attendance may be discharged on his own recognizance, upon giving his deposition in the manner prescribed in NRS 171.505.

"3. All depositions taken in pursuance of any of the provisions of this Title may be read in evidence, subject to the legal objections made at the time of taking the same, on the trial of the cause, whenever it shall appear that the personal attendance of the witness could not, with due diligence, be obtained, or when he has left the state, or become of unsound mind, or is too sick or infirm to attend, or is dead."

at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." 13 L.Ed.2d at 928, 85 S.Ct. at 1069–1070. That language governs the disposition of this appeal.

Other assigned errors, relating to the use of the deposition at trial, have been considered and are without merit.

Counsel was appointed by the district court to present this appeal. We direct that court to give him the certificate specified in NRS 7.260(3) to enable him to receive compensation as provided in NRS 7.260(4).

Affirmed.

BADT, J., and COLLINS, D. J., concur.