Eddie Robertson petitions this Court to grant a writ of mandamus ordering the Honorable John Karrh, judge of the Sixth *Page 1290 
Judicial Circuit, to set aside an order of October 30, 1992.[1] That order held that Ala. Code 1975, § 12-21-261, which provides that the State may preserve a witness's testimony in a criminal case only with the consent of the defendant, violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, and allowed the State to proceed with "depositions" as provided in § 12-21-260.
On April 28, 1992, Eddie Robertson was indicted by the Tuscaloosa County Grand Jury for first degree burglary, first degree rape, and first degree robbery. The indictments were based on the State's evidence that Robertson had entered the homes of two elderly women, then aged 72 and 88, and had raped and robbed them. On August 3, the State moved to take the depositions of the alleged victims pursuant to § 12-21-261; Robertson objected to the State's request. A hearing on the motion was held before the Tuscaloosa Circuit Court on August 21, 1992; at that hearing, the State argued that § 12-21-261 violated the Equal Protection Clause of the 14th Amendment. After considering the briefs filed by the parties on the issue, the trial court held that § 12-21-261 did violate the Equal Protection Clause. The trial court's order, in pertinent part, is as follows:
 "This cause came to be heard on the motion of the State to declare unconstitutional a portion of Code of Alabama Section 12-21-261. This Code section extends to the prosecution in a criminal case the right to take witness depositions under the same condition as allowed a defendant under 12-21-260 with the limitation that if the defendant objects, the deposition cannot be taken. The State of Alabama contends that there is not a legitimate rational basis for this law, and therefore it denies a victim in a criminal case equal protection of the law in violation of the 14th Amendment to the U.S. Constitution. The defendant argues that there is a rational basis for the law, in that, it guarantees a defendant his 6th Amendment right to confront witnesses against him.
". . . .
 "As to the constitutional issue, if the statute has a rational relationship to a protected right or state interest, then the statute is constitutional.
 "On the other hand if there is no rational basis for the statute, and it treats the parties differently, then it is unconstitutional. The only rational basis proferred by the proponents of the statute is that it guarantees the defendant's right to confront witnesses adverse to his interest. The United States Supreme Court has ruled in Ohio v. Roberts, [448 U.S. 56,] 100 S.Ct. 2531 [65 L.Ed.2d 597] [(1980)], that if a defendant is given the right to cross-examine a witness, his right to confrontation is protected.
"The contested statute provides as follows:
 " 'The deposition of any witness on the part of the state may be taken in like manner and for similar causes when the defendant files his written consent thereto.'
 "The statute by implication refers back to the preceding Code section, which is 12-21-260. This statute provides:
" '. . . .
 " '(a) The defendant may take the deposition of any witness who from age, infirmity or sickness, is unable to attend court or who resides out of the state or more than 100 miles from the place of trial, computing by the route usually traveled, or who is absent from the state or where the defense, or a material part thereof, depends exclusively on the testimony of the witness.
 " '(b) When the defendant desires to take the deposition of any witness under the provisions of subsection (a) of this section, he must make affidavit before some officer authorized to administer oaths, setting forth some one or more of the above causes for taking the deposition and that the testimony *Page 1291 
of the witness is material and must file with the clerk interrogatories to be propounded to the witness, a copy of which interrogatories must be served on the prosecutor or on the district attorney, if either of them is in the county. Such prosecutor or district attorney may, within 10 days thereafter, file cross-interrogatories, to which the defendant may, within a like period of 10 days, file rebutting interrogatories, at the expiration of which time or, if no cross-interrogatories are filed, at the expiration of 10 days from the filing of the interrogatories in chief, the clerk must issue a commission, accompanied with a copy of all the interrogatories filed, and the deposition must be taken at such time and place as the commissioner may appoint.'
 "This section as applied to § 12-21-261 gives the defendant the right of cross-examination, and protects the defendant's rights of confrontation according to the standard set out by Ohio v. Roberts. Therefore, the defendant's consent requirement adds nothing to the defendant's right to confront witnesses against him, and therefore serves no cause, but to deny a victim the right to preserve testimony in the instances sanctioned by § 12-21-260. This court might add, that Alabama is the only state in the nation that requires a defendant's consent before a deposition is taken by the prosecution. Therefore, for the above stated reasons, this court rules that that part of the statute, which requires the defendant's written consent prior to taking a deposition, has no rational relationship to a legitimate state interest or protected right, and therefore that part of § 12-21-261 which requires the prosecution to obtain the defendant's written permission before preserving testimony by deposition, is found to be unconstitutional under the 14th Amendment to the U.S. Constitution.
 "The State having made a prerequisite showing under § 12-21-260, that the victims' ages and/or infirmity presents a substantial likelihood that they will be unable to attend court at the trial of these cases, and therefore, the state is allowed to proceed with taking the victims' depositions as provided in § 12-21-260.
 "The state's motion to take the deposition by video tape is overruled and denied."
In equal protection jurisprudence, any law that does not employ a classification based on race, sex, national origin, or legitimacy of birth and does not impinge upon a fundamental right, is subject to the "rational relationship" analysis. Under this analysis, any law rationally related to a legitimate governmental objective will withstand an equal protection challenge. See generally Lyng v. Castillo, 477 U.S. 635,106 S.Ct. 2727, 91 L.Ed.2d 527 (1986); County Board v. Richards,434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977). Because a person's right to testify against a criminal defendant has not been construed by the Supreme Court to be fundamental, and because that Court has expressly held that age is not a suspect classification, Massachusetts Board of Retirement v. Murgia,427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), Vance v.Bradley, 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979), § 12-21-261 must be analyzed under the rational relationship test. A strong presumption of constitutionality attaches to a law reviewed under this test, and the burden rests upon the challenger to demonstrate that the law is "wholly arbitrary."City of Dallas v. Stanglin, 490 U.S. 19, 109 S.Ct. 1591,104 L.Ed.2d 18 (1989).
Here, the trial court conceded that the governmental objective advanced by the statute — the protection of a criminal defendant's 6th Amendment right to confront witnesses against him — was legitimate. The court concluded, however, that the statute was not rationally related to this objective, because, even after the excision of the consent provision, the statute conferred upon the defendant the right to cross-examine the witness, which the court believed was sufficient to satisfy the Confrontation Clause under Ohio v. Roberts, 448 U.S. 56,100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). *Page 1292 
The trial court's conclusion must be analyzed under the Confrontation Clause principles regarding the admissibility of statements of witnesses who do not testify at trial. The United States Supreme Court has held that for such statements to be admissible, it must be shown: 1) That the witness is unavailable to testify at the time of the trial; and 2) that the statement bears adequate "indicia of reliability."Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638
(1990); Ohio v. Roberts, supra. Because the right of cross-examination has long been thought to be the most important mechanism for determining the truth of a witness's testimony, this petition presents an issue of the reliability of the witnesses's statements should they be unable to testify at trial.[2]
The State agrees that an admissibility issue could later be presented, but it argues that mandamus is an improper remedy because Robertson will be free to raise the admissibility issue at trial or on appeal if he is convicted. We do not agree, because Robertson has an explicit statutory right that has already been abrogated by the trial court's order. Moreover, we would be remiss in failing to address the issue at this stage in the proceedings, because if the witnesses were to become unavailable before trial, we would be compelled to hold that their "depositions" are inadmissible because they lack "adequate indicia of reliability," for the reasons stated below.
This Court disagrees with the trial court's conclusion on the constitutional issue, because the content and scope of the cross-examination right conferred by § 12-21-260 are not sufficient to satisfy the purposes of the Confrontation Clause. The purposes of the Clause were enunciated by the Supreme Court in California v. Green, 399 U.S. 149, 90 S.Ct. 1930,26 L.Ed.2d 489 (1970). In Green, the Court stated:
 "Confrontation: (1) insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of the truth'; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility."
399 U.S. at 158, 90 S.Ct. at 1935, 26 L.Ed.2d at 497. TheGreen Court concluded that the Confrontation Clause was not violated by admitting a declarant's statements made at a preliminary hearing, irrespective of whether the declarant testified at trial, because the declarant was testifying as a witness at the preliminary hearing and was subject to full andeffective cross-examination by the defendant's counsel. The Court specifically noted that the defendant "had everyopportunity to cross-examine [the declarant] as to hisstatement." 399 U.S. at 165, 90 S.Ct. at 1938,26 L.Ed.2d at 501.
The Green Court emphasized that the defendant must have the opportunity to fully and effectively cross-examine the declarant, because when the declarant does not testify at trial the third purpose of the Confrontation Clause — the jury's ability to observe the demeanor of the declarant while he testifies — is negated. This purpose has traditionally constituted the core of the Confrontation Clause protection, see Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857
(1988), and its absence necessarily means that the scope of cross-examination must be correspondingly greater.
Ten years after Green, the Court decided Ohio v. Roberts,448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The Roberts
Court followed Green by holding that a statement made by a witness at a preliminary hearing was admissible because the witness had been effectively cross-examined by the defendant at the preliminary hearing, even though the defendant's questioning *Page 1293 
actually occurred on direct examination. The Court characterized the questioning as follows:
 "[C]ounsel's questioning comported with the principal purpose of cross-examination: to challenge 'whether the declarant was sincerely telling what he believed to be the truth, whether the declarant accurately perceived and remembered the matter he related, and whether the declarant's intended meaning is adequately conveyed by the language he employed.' "
448 U.S. at 70-71, 100 S.Ct. at 2541, 65 L.Ed.2d at 611
(citations and emphasis omitted). The Court then stated that the questioning afforded " 'substantial compliance with the purposes behind the confrontation requirement,' " and that "[a]s in Green, [defendant's] counsel was not 'significantlylimited in any way in the scope or nature of hiscross-examination.'" 448 U.S. at 71, 100 S.Ct. at 2542,65 L.Ed.2d at 611 (emphasis added).
Green and Roberts make it absolutely clear that the defendant, at the very least, must have the right to conduct a full and effective cross-examination of the witness if the witness is not to appear at the trial. This is essential, for when the witness does not appear to testify at the trial, the jury is denied an opportunity to observe the demeanor of the witness.
The § 12-21-260 procedure provides that the State, after filing an affidavit stating the cause for taking the "deposition"[3] and the materiality of the deposition, must file interrogatories with the clerk to be propounded to the witness; the State must send a copy of the interrogatories to the defendant. The defendant may then file "cross-interrogatories" within 10 days. The State may, within 10 days after receiving the "cross-interrogatories," file "rebutting interrogatories."
This procedure simply does not afford the defendant the right to adequately cross-examine the witness. First, the cross-interrogatories — the only semblance of "cross-examination" contained in § 12-21-260 — do not effectively fulfill the truth-seeking purpose of cross-examination, because they do not allow the defendant to question the witness with respect to specific answers given by the witness to the interrogatories initially propounded by the State. The defendant therefore must guess what the witness's answers may be, and he must attempt to frame his cross-interrogatories on these hypothetical answers. Second, the truth-seeking function is also undermined because the statute does not require that the defendant be present at the "deposition." Without the presence of the defendant, the witness may feel freer to depart from the truth. See Coy v.Iowa, supra. Finally, the State is given the final opportunity to question the witness through the "rebutting interrogatories"; the defendant is not permitted to conduct any type of recross-examination. The effect of this is potentially damaging, especially if the State is able to elicit crucial, inculpatory information on the "rebutting interrogatories."[4]
This is the kind of practice the Confrontation Clause was designed to prevent. As the Supreme Court explained long ago inMattox v. United States, 156 U.S. 237, 242-43, 15 S.Ct. 337,339, 39 L.Ed. 409 (1895):
 "The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits, such as were sometimes admitted in civil cases, [from] being used against the prisoner in lieu of a personal examination of the witness, in which the accused has the opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look upon him, and judge by *Page 1294 
his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."
Because § 12-21-260 does not confer on the defendant a constitutionally sufficient right of cross-examination, the trial court erred in holding that § 12-21-261, the consent provision, "serves no cause, but to deny a victim the right to preserve testimony." Therefore, we hold that § 12-21-261 is rationally related to the legitimate governmental end of protecting the Confrontation Clause rights of citizens.
The State argues that it is willing to forgo the § 12-21-260
procedure and to employ deposition methods used in civil cases in taking the testimony of the witnesses; it has also offered to videotape the depositions. It is well settled that this would solve the confrontation problems caused by § 12-21-260, because the testimony would be given under oath and would be subject to a full and effective cross-examination. See UnitedStates v. King, 552 F.2d 833 (9th Cir. 1976), cert. denied,430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977); United Statesv. Singleton, 460 F.2d 1148 (2d Cir. 1972), cert. denied,410 U.S. 984, 93 S.Ct. 1506, 36 L.Ed.2d 180 (1973); Coffman v.State, 81 Nev. 521, 407 P.2d 168 (1965). However, the Alabama Rules of Criminal Procedure are silent on this point. Cf. Rule 16, Ala.R.Crim.P. Also, the trial court denied the State's motion to videotape the depositions. Most important, it held that the State "is allowed to proceed with taking the victim's depositions as provided in § 12-21-260." Because this Court is reviewing only the trial court's actual order, we must reject the State's otherwise reasonable arguments.
The error in holding § 12-21-261 unconstitutional arises partly from the limited interrogatory procedure provided in §12-21-260, which does not allow adequate protection of the 6th Amendment right of confrontation. Because we agree with the trial court that this problem should be eliminated, we are referring this matter to the Standing Committee on the Rules of Criminal Procedure for it to consider whether this Court should adopt a rule allowing both the State and the defendant, in the limited circumstances specified in § 12-21-260, to take depositions of witnesses preserve their testimony. That committee may consider Rule 15(d) of the Federal Rules of Criminal Procedure.
Nevertheless, no such procedure is now available for the taking of depositions in criminal cases, and, moreover, the trial court specifically ordered the use of the limited interrogatory procedure provided in § 12-21-260. Because that limited procedure does not protect the defendant's 6th Amendment right of confrontation, the consent requirement of § 12-21-261 bears a rational relation to the purpose of protecting that right. Therefore, the trial court should not have held § 12-21-261 unconstitutional and should not have allowed the use of the interrogatory procedure of § 12-21-260
without Robertson's consent. The petition for the writ of mandamus is hereby granted.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX,* SHORES and ADAMS, JJ., concur.
[1] We note that Judge Karrh retired effective May 1, 1993. The writ of mandamus we issue in response to Robertson's petition will be addressed to the circuit judge to whom Robertson's cases have been assigned. See Rule 43(b), Ala.R.App.P.
[2] If the witnesses are available to testify at trial, the "depositions" would not be admissible. See Ala. Code 1975, § 12-21-262.
[3] It is clear that the term "deposition" in the statute does not refer to an oral deposition, but refers to written interrogatories.
[4] This lack of opportunity for recross-examination also conflicts with the explicit mandate of Rule 15(d) of the Federal Rules of Criminal Procedure; this rule allows depositions to be taken in the same manner as in a civil case, provided that "the scope and manner of examination and cross-examination shall be such as would be allowed in the trial itself."
* Although Justices MADDOX and ALMON did not sit at oral argument, they have studied the record and listened to the tapes of oral argument.