I concur with the main opinion's holding reversing the judgment of the Court of Civil Appeals. I also concur with Justice Harwood's special writing. I write specially, however, to note additional implications of this Court's reliance on Village ofWillowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073,145 L.Ed.2d 1060 (2000).
In the case before us, the issue is whether McCord-Baugh's constitutional right, under the Equal Protection Clause of theFourteenth Amendment to the Constitution of the United States, has been abridged by the decision of the Birmingham City Board of Education not to increase her pay, a decision McCord-Baugh *Page 688 
argues is an "`irrational and wholly arbitrary' refusal to pay [McCord-Baugh] the same as similarly situated Community School Coordinators." There is no suggestion that McCord-Baugh is a member of any class that would require a close-scrutiny analysis of her case.
I have no objection, if I may be permitted any, to the Supreme Court's interpreting the Equal Protection Clause of theFourteenth Amendment as applicable to individuals; that interpretation is consistent with the plain language of the amendment. ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." (Emphasis added.)) Indeed, it is a peculiar artifact of the time in which we live that the Supreme Court would have to address whether a constitutional provision that says it applies to "any person" applies not just to a large class of persons, but also to a "class of one," that is, a class composed of one such "person."
I also note that McCord-Baugh presumably still must satisfy the rational-basis standard applied to equal-protection cases:
 "In equal protection jurisprudence, any law that does not employ a classification based on race, sex, national origin, or legitimacy of birth and does not impinge upon a fundamental right, is subject to the `rational relationship' analysis. Under this analysis, any law rationally related to a legitimate governmental objective will withstand an equal protection challenge. See generally Lyng v. Castillo, 477 U.S. 635, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986); County Board v. Richards, 434 U.S. 5, 98 S.Ct. 24, 54 L.Ed.2d 4 (1977)."
Ex parte Robertson, 621 So.2d 1289, 1291 (Ala. 1993). However, the case before us is quite different from the cases to which the rational-relationship analysis is ordinarily applied. In the case before us, what is at issue is McCord-Baugh's job title and pay. The rational basis for the Legislature's adopting a statute is a wholly different question from the rational basis for paying one employee differently from another.
This case involves not the validity of a statute, but the inner workings of an instrumentality of government. It raises separation-of-powers questions among the branches of the state government, and it raises federalism questions when brought in the federal courts — with federal question jurisdiction, it appears, over every salary decision on every state employee. In particular, the review of state administrative decisions may thrust the federal government, in the mantle of its courts, into the review of salary decisions made by state managers for the rationality of a manager's decision on the appropriate pay for an individual employee. This in turn raises the specter of New Yorkv. United States, 505 U.S. 144, 175, 112 S.Ct. 2408,120 L.Ed.2d 120 (1992) ("federal action would `commandeer' state governments into the service of federal regulatory purposes, and would for this reason be inconsistent with the Constitution's division of authority between federal and state governments").
Such questions, however, while of the greatest moment, are not before us today. And if the Supreme Court of the United States did not mean for the sweep of Olech to be as broad as its language, then that is a matter for another day.