FREDDIE WATKINS, APPELLANT, *v.* SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 5647

April 23, 1969   453 P.2d 611

*James D. Santini,* Public Defender, and *Anthony M. Earl, H. Leon Simon,* and *Robert N. Peccole,* Deputy Public Defenders, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* and *Earl P. Gripentrog,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

This appeal tenders an issue of law as to whether the statutory offense of obtaining money under false pretenses [NRS 205.380] embraces one who negotiates bearer paper to a holder in due course. Following a preliminary examination, Freddie Watkins was ordered to stand trial in the district court for having violated NRS 205.380. In that court he sought release from restraint by a petition for habeas corpus, was denied relief and has appealed. We reverse.

The Silver Slipper Gambling Hall & Saloon issued its payroll check for $185.59 to Mrs. Reggie Bluiett, an employee, who endorsed it in blank and left it on the dresser in her home.

The following day she learned that the check was missing along with other items of property. On that day Freddie Watkins purchased two tires from Western Auto with Mrs. Bluiett's payroll check. The tires cost $73.21 and Watkins received the balance in cash. Watkins was subsequently charged with having obtained money under false pretenses from Joseph H. Hudson, the owner of Western Auto.

An essential element of this statutory offense is that the accused intend to cheat or defraud the person from whom the money is obtained.[1] Case law imposes the additional requirement that the person from whom the money is obtained sustain injury or damage. State v. Handke, 340 P.2d 877 (Kan. 1959); State v. Casperson, 262 P. 294 (Utah 1927); State v. Matthews, 25 P. 36 (Kan. 1890). Western Auto did not incur injury or damage since it was a holder in due course, having given value, in good faith and without notice of any claim to the instrument on the part of any person. NRS 104.-3302. Theft is not a defense against a holder in due course. NRS 104.3305. Western Auto was protected against the claim of the rightful owner. It received a valid, enforcible payroll check and was not damaged. Accordingly, the statutory offense charged to Watkins was not committed by him and his petition for habeas corpus must be granted. We, therefore, reverse the district court and order that Freddie Watkins be released from custody or restraint upon this particular charge. The state may charge Watkins with whatever offense is warranted by the evidence in its possession.

We concur.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.

---

[1]NRS 205.380 reads: "Every person who shall knowingly and designedly, by any false pretense or pretenses, obtain from any other person or persons any chose in action, money, goods, wares, chattels, effects or other valuable thing, with intent to cheat or defraud any person or persons of the same, is a cheat, and on conviction shall be imprisoned in the state prison not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment, and be sentenced to restore the property so fraudulently obtained, if it can be done. Should the value of any chose in action, money, goods, wares, chattels, effects, or other valuable thing so, as aforesaid, fraudulently obtained, not exceed in value the sum of $100, every person so offending is a cheat, and is guilty of a misdemeanor, and shall be sentenced to restore the property so fradulently obtained, if it can be done."