RALPH V. BUCKNER, JR., APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9449

February 16, 1979                              590 P.2d 628

*Peter A. Perry,* Reno, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Ralph V. Buckner, Jr., was convicted by jury verdict of obtaining money by false pretenses (NRS 205.380), and attempting to obtain money by false pretenses (NRS 208.070, NRS 205.380).[1] In this appeal, Buckner contends: (1) the evidence failed to support the verdict; (2) the district court erred in admitting certain physical evidence; and, (3) the district court erred in instructing the jury. We find no merit in these contentions and affirm the district court judgment.

During the early morning hours of January 1, 1976, Buckner cashed a check for $125.00 at the Boomtown Casino, west of Reno. The check, made payable to Buckner, was drawn on the Ralph Hughes Trucking Company account at the San Luis Obispo National Bank in California, and had been prepared with a typewriter and check protector. Around noon of that same day, Buckner attempted to cash another check at John Ascuaga's Nugget in Sparks, drawn on the same account and made payable to Buckner. When the credit manager of the Nugget made a routine call to a central credit information center, he learned that the numerical sequence of the check presented was unusually close to the check presented at Boomtown and to another check which Buckner had unsuccessfully attempted to cash at another area casino. This information, when coupled with the fact that Buckner, purportedly a truck driver, had no driver's license to present as identification caused the manager to become suspicious and to call the police. When the police officers arrived, the credit manager

---

[1]NRS 205.380 provides, in pertinent part:

"Every person who knowingly and designedly by any false pretense obtains from any other person any chose in action, money, goods, wares, chattels, effects or other valuable thing, with intent to cheat or defraud the other person, is a cheat, and, unless otherwise prescribed by law, shall be punished. . . ."

NRS 208.070 provides, in pertinent part:

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime. . . ."

attempted to hand the challenged check to one of the officers. Buckner grabbed the check, began to tear it into pieces, and attempted to put the torn pieces of the check into his mouth. Buckner was seen chewing and repeatedly attempting to swallow as he was led away in handcuffs.

During a search of Buckner's person conducted at the Sparks Police Department, the police discovered two (2) more Hughes Trucking Company checks in Buckner's pockets; each dated December 29, 1975, and each made payable in the amount of $247.50. Buckner's truck was also searched and the police discovered five (5) more Hughes Trucking Company checks, along with a typewriter and a check protector.

At trial, an employee of the San Luis Obispo National Bank testified that the Hughes Trucking Company account was opened with a cash deposit of $130.00 and that all remaining deposits were made by checks drawn upon either the "Ralph Buckner Wholesale" or "Buckner Wholesale" accounts. All of these checks were ultimately returned to the bank marked either "insufficient funds" or "account closed." The employee also testified that the Hughes Trucking Company account was only open for five (5) weeks and during that time, 26 checks were issued. Thirteen (13) of those checks were issued to Buckner and of those thirteen, ten (10) were returned for collection.

1. Buckner contends the evidence adduced at trial fails to establish that he obtained money by "false pretenses." The thrust of his argument is that he neither issued the checks in question, nor made any representations to the persons to whom they were presented regarding the sufficiency of funds in the drawer's account.

We have previously held that a "false pretense" is a "representation of some fact or circumstance which is not true and is calculated to mislead . . . [and] may consist of any act, word, symbol or token calculated and intended to deceive. It may be made either expressly, or by implication." Bright v. Sheriff, 90 Nev. 168, 170, 521 P.2d 371, 373 (1974). Here, the record contains sufficient evidence from which the jury could imply a false pretense. Accordingly, the judgment will not be disturbed.[2]

[2]Buckner further contends that certain provisions of the Uniform Commercial Code (U.C.C.), NRS ch. 104, when applied to this case, negate the elements required to establish a false pretense. Although the U.C.C. may be applicable in the context of some criminal cases, see, e.g., Watkins v. Sheriff, 85 Nev. 246, 453 P.2d 611 (1969), it is inapplicable in the factual posture of the present case. Moreover, in this appeal, Buckner failed to cite any relevant legal authority in support of this contention. Woods v. State, 94 Nev. 435, 581 P.2d 444 (1978).

2. Buckner also contends that the trial court erred in admitting evidence relating to the Hughes Trucking Company account because the prejudicial effect of that evidence outweighed its probative value. The evidence was offered to establish Buckner's knowledge and intent at the time of the commission of the crimes and, thus, was relevant and properly admitted. NRS 48.015; NRS 48.045(2). *See* McMichael v. State, 94 Nev. 184, 577 P.2d 398 (1978). In addition, the jury was given a proper limiting instruction as to the use of the challenged evidence, thereby reducing any prejudice. NRS 48.035. *Cf.* Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976).

3. Finally, Buckner propounds two (2) separate arguments in support of his contention that the district court erred in instructing the jury.

Buckner first contends the district court committed reversible error by refusing to instruct the jury on his theory of the case. The proposed instruction was substantially covered by other instructions given to the jury and, therefore, it was cumulative and properly refused. *See* Passarelli v. State, 93 Nev. 292, 564 P.2d 608 (1977).

Buckner next argues that use of the statutory reasonable doubt instruction, NRS 175.211, violates fundamental due process protection by equating "reasonable doubt" with "substantial doubt" and, thus, dilutes the state's burden of proof.[3] A similar constitutional challenge was previously considered and rejected in Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977). We perceive no reason to disturb that decision.

Other issues raised by Buckner are without merit and need not be considered.

Affirmed.

---

[3]NRS 175.211 provides:

"1. A reasonable doubt is one based on reason. It is not mere possible doubt, but is such a doubt as would govern or control a person in the more weighty affairs of life. If the minds of the jurors, after the entire comparison and consideration of all the evidence, are in such a condition that they can say they feel an abiding conviction of the truth of the charge, there is not a reasonable doubt. Doubt to be reasonable must be actual and substantial, not mere possibility or speculation.

"2. No other definition of reasonable doubt shall be given by the court to juries in criminal actions in this state."