The UNBANK CO., Appellant,

v.

DOLPHIN TEMPORARY HELP SERVICES, INC., Respondent.

No. C5–91–2354.

Court of Appeals of Minnesota.

May 19, 1992.

Review Denied July 15, 1992.

Bruce E. Goldstein, Borkon, Ramstead & Mariani, Minneapolis, for appellant.

Wilbur F. Dorn, Jr., Dorn & Edwards, Anoka, for respondent.

Considered and decided by AMUNDSON, P.J., and PETERSON and STONE*, JJ.

## OPINION

PETERSON, Judge.

The Unbank Company appeals from a judgment for respondent Dolphin Temporary Help Services, Inc. Unbank claims it is a holder in due course of a check Dolphin issued to Ricky D. Smith. We agree and reverse.

## FACTS

The parties stipulated to the following facts. Unbank operates a number of check cashing facilities in the metropolitan area. Dolphin operates a temporary employment business for casual laborers.

On December 5, 1991, Dolphin issued a payroll check to Ricky D. Smith. Smith reported the check as lost. Dolphin stopped payment on the check and issued a replacement check. Someone, believed by both parties to be Smith, brought the "lost" check to Unbank to have it cashed on December 15, 1991. Unbank checked the individual's signature against its account card and cashed the check. Unbank learned Dolphin had stopped payment when the check was dishonored by Dolphin's bank.

Unbank sued Dolphin for payment on the check. The trial court concluded Unbank was not a holder in due course and was, therefore, not entitled to payment from Dolphin. Unbank appeals.

## ISSUE

Was Unbank a holder in due course of the check Dolphin issued to Smith?

## ANALYSIS

A holder in due course is a holder who takes an instrument:

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

(a) for value; and

(b) in good faith; and

(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

Minn.Stat. § 336.3–302(1) (1990).

*Value*

■ It is undisputed that Unbank paid Smith cash for the check. A party that pays cash for a check takes the instrument for value. *Trail Leasing, Inc. v. Drovers First Am. Bank*, 447 N.W.2d 190, 192 (Minn.1989).

*Good Faith*

■ " 'Good faith' means honesty in fact in the conduct or transaction concerned." Minn.Stat. § 336.1–201(19) (1990). "Good faith" is a subjective rather than an objective determination. *Taves v. Griebel*, 363 N.W.2d 73, 74 (Minn.App.1985). The issue is honesty of intent rather than diligence or negligence. *Id.* Good faith is simply the honest belief that one's conduct is rightful. *Wohlrabe v. Pownell*, 307 N.W.2d 478, 483 (Minn.1981).

Unbank cashed the check without knowing that a stop payment order had been issued on it. Unbank followed standard procedure in cashing the check. Before cashing the check, Unbank compared the signature of the person who presented the check for payment to Smith's signature on his Unbank account card. There was nothing even remotely suspicious about the transaction. There are no facts that would support a finding that Unbank lacked good faith.

*Notice*

A person has notice of a fact when that person

(a) has actual knowledge of it; or

(b) has received a notice or notification of it; or

(c) from all the facts and circumstances known to the person at the time

pursuant to Minn. Const. art. VI, § 2.

in question, has reason to know that it exists.

Minn.Stat. § 336.1–201(25) (1990). There is no evidence Unbank had actual knowledge or had received notice of the stop payment order on the check Dolphin issued to Smith. The only issue is whether Unbank had reason to know about the stop payment order.

■ Failure to inquire about an unknown fact is not "notice" of what a person might discover. *Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 296 Minn. 130, 138, 207 N.W.2d 282, 288 (1973). Where an instrument is regular on its face and there are no suspicious circumstances that show a deliberate desire to evade knowledge, the law does not impose a duty on the holder to inquire about possible defenses to the instrument. *Money Mart Check Cashing Center, Inc. v. Epicycle Corp.*, 667 P.2d 1372, 1374 (Colo.1983); *see also Taves*, 363 N.W.2d at 75.

■ A bank has no higher duty of inquiry than does any other holder. *See St. Cloud Nat'l Bank & Trust Co. v. Sobania Constr. Co.*, 302 Minn. 71, 224 N.W.2d 746 (1974) (holder in due course analysis applied to bank). There is nothing about using a check cashing service instead of a bank that would lead to a rule imposing different standards on the two types of institutions. *Money Mart*, 667 P.2d at 1374. Moreover, there is nothing in the Uniform Commercial Code to support a distinction on that basis.

■ Unbank followed standard procedure in cashing the check Dolphin issued to Smith. There was nothing about the face of the check or the transaction to even create a suspicion that anything was wrong. There are no facts that would support a finding that Unbank had reason to know about the stop payment order or any defense to payment of the check.

The trial court found that either Smith or a thief cashed the check. Unbank argues the finding should be amended to state that Smith cashed the check. We disagree. The stipulated facts left open the question of who cashed the check.

■ The issue of whether Smith or a thief cashed the check does not affect Unbank's right to payment from Dolphin. A holder in due course takes an instrument free from any defenses except those listed in Minn.Stat. § 336.3–305 (1990). Theft is not a defense against a holder in due course. 1 White & Summers, Uniform Commercial Code, § 14–3, at 697 (3d ed. 1988); *Watkins v. Sheriff of Clark County*, 85 Nev. 246, 453 P.2d 611, 612 (1969); *see also Eldon's*, 296 Minn. 130, 207 N.W.2d 282 (holder in due course entitled to payment where attorney made unauthorized personal stock purchase with check drawn by client); *Taves*, 363 N.W.2d 73 (holder in due course entitled to payment where individual improperly used checks drawn on business accounts to repay personal loans).

Because there was no evidence to show Smith's signature on the check was forged, we do not consider the issue of whether the unauthorized signature defense would have been available to Dolphin had the endorsement been forged.

## DECISION

Unbank took the check for value, in good faith, and without notice of any defense against it. Unbank is a holder in due course entitled to payment from Dolphin.

Reversed.