996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jason McKinley WARD, Petitioner-Appellant,
v.
P. DEMOSTHENES, et al., Respondents-Appellees.
 No. 92-16346.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided June 24, 1993.
 
 1
 Before NORRIS and RYMER, Circuit Judges, and TAYLOR,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jason McKinley Ward appeals the district court's denial of his petition for a writ of habeas corpus arising from his conviction for the first degree murder and burglary of Morris Gentry. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Ward raises many issues which do not involve federal constitutional rights, and therefore are not cognizable in habeas. Ward first argues that the state of Nevada breached a verbal contract made by a public official acting under the color of law. Ward claims that the police dispatcher who convinced him to surrender promised him that if he turned himself in, he would get an attorney prior to being charged or arrested. Ward now argues that the dispatcher breached that promise.
 
 
 5
 The federal writ of habeas corpus lies only to protect defendants against violations of their federal constitutional rights. Townsend v. Sain, 372 U.S. 293, 311-12 (1963). Ward's arguments that an arrest under false pretenses violates his rights, citing Buckner v. State, 590 P.2d. 628 (1979), Johnson v. Jackson, 193 N.E.2d 485, 489 (1963), and Dunaway v. New York, 99 S.Ct. 2248 (1979) is misplaced. Buckner, which concerned a prosecution for obtaining money under false pretenses, and Johnson, which was a tort case for false arrest, have no relevance to Ward's argument. Dunaway suppressed a confession because the defendant was taken involuntarily to a police station and questioned without probable cause in violation of the Fourth Amendment. Here Ward was not seized, but rather voluntarily went to the police station, there was probable cause for his arrest since Gentry identified Ward before passing away, and there was no confession to suppress. Thus, no federal rights are involved.
 
 
 6
 Ward next argues that he was denied access to a telephone for 59 hours after his arrest in violation of Thompson v. State, 451 P.2d 704 (1969), cert. denied, 396 U.S. 893 (1969). Thompson, which concerned a photographic lineup, has no relevance to Ward's argument. Ward fails to identify a constitutional right violated.
 
 
 7
 Ward next argues that he was denied an appearance before a magistrate within three working days of his arrest in violation of N.R.S. 171.178, Morgan v. Sheriff, 554 P.2d 733 (1976) and Minnick v. Mississippi, 111 S.Ct. 486 (1990). Morgan held that where there is no confession, incriminating statements, or interrogations, any delay between arrest and bringing the defendant before a magistrate does not violate the defendant's rights under N.R.S. 171.178. Morgan appears to work against Ward since Ward never confessed. Minnick is also not supportive since it involved a suppressed confession, and Ward never confessed. In any event, Ward's state law argument is not cognizable in habeas.
 
 
 8
 In his supplemental citation of authorities, Ward points to Gerstein v. Pugh, 420 U.S. 103 (1975) for support. Gerstein held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to an extended restraint of liberty following arrest. Gerstein, which was a civil rights action, also noted that its rule does not apply to overturn a conviction. Id. at 119. The Court reaffirmed the general rule that an illegal arrest or detention does not void a subsequent conviction. Id. Hence, Gerstein does not support Ward's claim that his conviction should be overturned.
 
 
 9
 Ward also argues that he should have been assigned counsel earlier in the investigatory stage under Kirby v. Illinois, 92 S.Ct. 1877, 1882 (1972). We find that Ward procedurally defaulted on this claim. Ward did not raise this claim on direct appeal, and the Nevada Supreme Court held on Ward's petition for post conviction relief that the claim was waived. Hence, since the Nevada state court dismissed this argument on state procedural grounds, Ward procedurally defaulted on the claim. Harris v. Reed, 489 U.S. 255, 262 (1989). To merit relief, Ward must show that he suffered actual prejudice or that his conviction was a fundamental miscarriage of justice. Id. Ward does not indicate what evidence was introduced before his counsel was appointed, or generally how he has suffered prejudice. Ward is also unable to establish that he was actually innocent, and therefore his conviction was not a fundamental miscarriage of justice. See Smith v. Murray, 477 U.S. 527, 537 (1986). Morris Gentry, the murder victim, knew Ward and identified him as the killer, and there was other circumstantial evidence indicating that Ward committed the crime.
 
 
 10
 Ward claims that he need not show prejudice if he was denied counsel at a critical stage of the proceeding, citing Hamilton v. Alabama, 368 U.S. 52, 55 (1961) (arraignment is a critical stage at which right to counsel attaches), White v. Maryland, 373 U.S. 59 (1963) (Maryland preliminary hearing is a critical stage at which right to counsel attaches), and Chapman v. California, 386 U.S. 18 (1967). Ward was appointed counsel before his preliminary hearing, and he fails to point to a critical stage in the litigation during which he was denied counsel.
 
 II
 
 11
 Ward next argues that he was denied effective assistance of counsel. To establish ineffective assistance of counsel, Ward must show that his counsel made errors so serious that counsel was not functioning as "counsel" and that such errors were prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). Ward points to errors related to attorney Mike Miller's assistance at Ward's preliminary hearing, and attorney Douglas C. Crawford's assistance in preparing Ward's appeal; Ward does not challenge the work of his trial counsel. As Miller only participated in Ward's preliminary hearing, and not at trial, we fail to see how his conduct could have prejudiced Ward. As to Crawford, Ward claims Crawford filed a meaningless, frivolous appeal that failed to address several important issues, including: breach of promise by the police dispatcher, illegal arrest, no access to telephone for 59 hours after arrest, no grand jury indictment, no appearance before a magistrate, no counsel for 21 days after arrest, judicial misconduct, unconstitutional jury which did not include any Orthodox Jewish Males, admission of victim's hearsay statements, prosecutorial misconduct, and faulty jury instructions. Ward fails to show how the omission of any of these arguments prejudiced him. The district court reviewed the briefs written by Crawford, who was an attorney at the firm in which Ward's trial counsel worked, and found that they were "very well done, professional and competent pieces of work." The appeal challenged the admission of Gentry's dying declaration that Ward did the crime and other circumstantial evidence, claimed a violation of Ward's speedy trial rights, and claimed prosecutorial misconduct. We find that Ward fails to show that Crawford's work on appeal was in error, or that Crawford's ostensible errors prejudiced him.
 
 III
 
 12
 Ward next claims prosecutorial misconduct. He first claims that the prosecutor referred to Ward's failure to testify in violation of his Fifth Amendment rights. The prosecutor stated at trial, "Why give half an alibi? Why do we have Maria come in and tell us about up to 4:20. Where is the evidence?" A prosecutor may properly comment upon a defendant's failure to present witnesses so long as it is not phrased to call attention to defendant's own failure to testify. United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (quotations omitted). The prosecutor's comments only concerned the lack of evidence, not Ward's failure to take the stand, and therefore were permissible.
 
 
 13
 Ward also argues that the prosecutor influenced some of his alibi witnesses to change their stories. Ward offers no evidence that the prosecutor did so. Ward also challenges the jury instructions relating to Burglary, Robbery and Kidnapping as being "irrelevant." Ward fails to indicate how the jury instructions relate to prosecutorial misconduct, or more importantly how they violated the Constitution. The jury instructions did not render the trial fundamentally unfair. Stone v. Powell, 428 U.S. 465, 477 (1976).
 
 
 14
 Ward also claims that the prosecutor acted in bad faith, covered up an illegal situation, and improperly influenced the trial, but offers no supportive evidence. Ward fails to show that his trial was fundamentally unfair or resulted in a fundamental miscarriage of justice. Id.
 
 IV
 
 15
 Ward next argues that it was error to admit Gentry's dying declaration. Improper admission of evidence is cognizable in habeas only if the error violates the Constitution. Gutierrez v. Griggs, 695 F.2d 1195, 1197-98 (9th Cir.1983). The Confrontation Clause is not violated when an out of court declarant is unavailable and the declaration falls within a firmly rooted hearsay exception. White v. Illinois, 112 S.Ct. 736, 743 (1992). Gentry's statement fell within the dying declaration exception to the hearsay rule. Gentry was in his late seventies, had received blows to the head and body and five gunshot wounds. After such injury, Gentry clearly must have believed that death was imminent, and therefore his dying declaration was properly admitted.
 
 
 16
 Ward challenges the improper admission of evidence on nonconstitutional grounds as well. Improper admission of evidence absent constitutional violation is not a ground for habeas relief unless it renders the trial fundamentally unfair. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Ward's trial was not fundamentally unfair.
 
 V
 
 17
 Finally, Ward argues that his right to a speedy trial was violated. This court applies a four part test for speedy trial violations under Barker v. Wingo, 407 U.S. 514, 530-32 (1972): the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant from the delay. The length of delay was about 11 months, which is just enough to trigger the speedy trial inquiry. See Doggett v. United States, 112 S.Ct. 2686, 2691 n. 1 (1992) (delays of about one year trigger the speedy trial inquiry). The reasons for the delay do not indicate purposeful government delay or bad faith. Much of the delay was caused by continuances sought by Ward's counsel, though Ward did object to some of the continuances. Part of the delay was also caused by Ward himself, who sued the trial judge, causing the trial judge to recuse himself and postpone the trial so that it may be reassigned. Hence, some of the delay can be attributed to Ward. Ward claims to have vigorously asserted his right to a speedy trial, and thus this factor favors Ward. Barker, 407 U.S. at 531-32. Finally, Ward fails to show any prejudice from the delay. He claims his witnesses failed to remember certain key facts, that he was deprived of his ability to find additional alibi witnesses, and that certain exculpatory evidence was stolen from his apartment while his trial was pending. We fail to see how the missing evidence would have been discovered had the trial begun earlier. Ward also fails to establish that the witnesses who did testify forgot key facts. Thus, Ward fails to show prejudice.
 
 
 18
 Viewing all of the factors together, we find that Ward was not denied his right to a speedy trial. The delay was barely long enough to trigger the speedy trial inquiry, Ward was responsible for part of the delay, and he fails to show any prejudice.[1]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Gary L. Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ward also claims that there was cumulative error in his conviction. Since we find no error, we need not address his cumulative error argument