*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1561

Carrie L. Zupko,
Relator,

vs.

St. Francis Campus Credit Union,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed March 2, 2015**
**Affirmed**
**Bjorkman, Judge**

Department of Employment and Economic Development
File No. 32229742-5

Carrie L. Zupko, Flensburg, Minnesota (pro se relator)

St. Francis Campus Credit Union, National Credit Union Administration, Elizabeth Martin, Austin, Texas (respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Reyes, Judge.

**BJORKMAN**, Judge

Relator challenges the decision of the unemployment-law judge (ULJ) that she was discharged because of employment misconduct, arguing that the false representations she made at her supervisor's request were part of a single incident and a good-faith error in judgment. We affirm.

## FACTS

Relator Carrie Zupko worked for respondent St. Francis Campus Credit Union as an office operations manager. In early January 2014, examiners from the National Credit Union Administration (NCUA) were on-site to examine St. Francis's financial records. The NCUA examiners requested a computer file from Zupko's supervisor. The supervisor in turn asked Zupko to call the NCUA, pretend to be from the accounting software company that maintained St. Francis's financial records, and state that there was a problem with the file in question, making it unavailable until the following week. Zupko did as her supervisor requested.

On January 23, Zupko's supervisor asked Zupko to reverse a loan transaction on the supervisor's son's account. The supervisor did not provide Zupko with any documentation for the reversal. While such documentation was normally required, Zupko assumed her supervisor "would take care of the paperwork" and performed the reversal without it.

Two days later, Zupko learned that the NCUA was investigating her supervisor for fraud. She informed the NCUA about the early January phone call. Zupko was discharged on January 29.

Zupko applied to respondent Minnesota Department of Employment and Economic Development (DEED) for unemployment benefits. DEED initially determined that Zupko is eligible for benefits, and St. Francis appealed. At the evidentiary hearing, Zupko acknowledged that she had called the NCUA and "pretended to be someone from an accounting software company." Zupko explained that she did not want to do it but did not know what would happen to her if she did not follow her supervisor's instructions. She also acknowledged that she altered a loan. The ULJ determined that Zupko committed employment misconduct and therefore is ineligible for benefits. Zupko sought reconsideration, and the ULJ affirmed. Zupko brings this certiorari appeal.

## DECISION

An employee who is discharged for employment misconduct is ineligible for unemployment benefits. Minn. Stat. § 268.095, subd. 4(1) (2014). Whether an employee committed employment misconduct is a mixed question of law and fact. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether an employee committed a particular act is an issue of fact, which we review for substantial evidence, but whether the act constitutes employment misconduct is a legal question, which we review de novo. *Id.*

Employment misconduct is any "intentional, negligent, or indifferent conduct, on the job or off the job that displays clearly: (1) a serious violation of the standards of

3

behavior the employer has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2014). Mere "good faith errors in judgment" are not employment misconduct. *Id.*, subd. 6(b)(6) (2014). If the conduct in question was limited to a single incident, "that is an important fact that must be considered in deciding whether the conduct rises to the level of employment misconduct." *Id.*, subd. 6(d) (2014).

Zupko does not dispute that she gave false information to the NCUA but argues that it was a single good-faith error in judgment that a reasonable employee would have made under the circumstances. We disagree.

First, the record indicates that Zupko's false statement to the NCUA was not an isolated incident. The ULJ found that Zupko also complied with her supervisor's request to alter a loan despite knowing that she did not have the documentation required to do so.[1] While the ULJ did not conclude that altering the loan was itself employment misconduct, that act defeats Zupko's argument that her fraudulent phone call to the NCUA was a single incident of dishonesty.

Second, the nature of Zupko's conduct is inconsistent with the notion of a good-faith error in judgment. An employee owes a duty of loyalty to her employer. *Marn v. Fairview Pharmacy Servs. LLC*, 756 N.W.2d 117, 121 (Minn. App. 2008), *review denied* (Minn. Dec. 16, 2008). And an employer has the right to rely on the employee's

---

[1] Zupko argues that she did not know the loan in question was fraudulent. The ULJ did not find that Zupko was aware of the fraudulent nature of the loan, only that Zupko failed to comply with standard documentation policy. The record substantially supports that finding.

integrity. *Frank v. Heartland Auto. Servs., Inc.*, 743 N.W.2d 626, 630-31 (Minn. App. 2008). "Dishonesty that is connected with employment may constitute misconduct." *Icenhower v. Total Auto. Inc.*, 845 N.W.2d 849, 856 (Minn. App. 2014) (quotation omitted), *review denied* (Minn. July 15, 2014).

Zupko knowingly and intentionally made a false statement to a federal agency in connection with an examination of her employer's financial records. Her conduct was an extremely serious violation of St. Francis's reasonable expectations. Zupko's intentional dishonesty is not a good-faith error in judgment. *Cf. Unbank Co. v. Dolphin Temp. Help Servs., Inc.*, 485 N.W.2d 332, 333 (Minn. App. 1992) (explaining that determination of good faith is an issue of "honesty of intent"), *review denied* (Minn. July 15, 1992).

Zupko asserts that she acted in good faith because she lied at the behest of her supervisor. We agree that Zupko's supervisor placed her in a difficult situation. But Zupko owed a duty of loyalty to St. Francis, not her supervisor. She could have asked questions or informed someone of her supervisor's request. *See Marn*, 756 N.W.2d at 121-22 (holding that employee's conduct undermining employer's interests, rather than reporting workplace concerns to appropriate entities, was misconduct). Instead, she chose to lie to the NCUA.

Zupko also contends that her false statement was "immaterial" because her supervisor had already "bankrupted [St. Francis] through fraud." We are not persuaded. The degree of actual damage caused by Zupko's fraudulent phone call has little or no bearing on whether that conduct was employment misconduct. *See Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006) (opting to examine employee's conduct

5

"in the context of her job responsibilities" rather than the significance of the adverse impact on the employer).

On this record, we conclude that Zupko committed employment misconduct and is, therefore, ineligible for unemployment benefits.

**Affirmed.**